[No. 36946.   Department One.   March 5, 1964.]

GUILLERMO NICACIO, *Appellant*, v. YAKIMA CHIEF RANCHES, INC., *Respondent*.*

*Merges, Brain & Hilyer* and *Gale P. Hilyer, Jr.*, for appellant.

*Roger K. Garrison* (of *Boose & Garrison*), for respondent.

OTT, C. J.—September 2, 1957, Guillermo Nicacio was injured while operating a tractor and trailer for his employer, Yakima Chief Ranches, Inc.

*Reported in 389 P. (2d) 888.

September 24, 1959, he commenced this action for damages against his employer, through his attorneys, Pomeroy and Ross, alleging, *inter alia*, that his injuries were due to its negligence. December 4, 1959, Yakima Chief Ranches, Inc., answered the complaint, denied the allegations of negligence, pleaded three affirmative defenses, and prayed that the claim be dismissed. Subsequently, pretrial depositions were taken.

September 13, 1960, the defendant moved for summary judgment. October 14, 1960, while the court had the motion for summary judgment under advisement, plaintiff filed his reply to the affirmative matters pleaded in defendant's answer.

January 16, 1961, the court filed its memorandum opinion stating that the reply raised issues of fact which could be resolved only by a trial on the merits, and that "For the reasons hereinabove stated, the defendant's motion for a summary judgment will be denied." No formal order denying the motion was entered.

June 27, 1962, Merges, Brain and Hilyer filed notice of appearance as additional attorneys for the plaintiff, and note for trial docket which stated:

"Please take notice that this case is now at issue and the clerk is requested to note this cause on the trial docket to be brought on for trial at the time set by the court."

September 24, 1962, defendant moved for dismissal for want of prosecution, as provided by Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0.

October 26, 1962, defendant's motion for dismissal was heard, and, on the same day, plaintiff presented to the court a proposed order denying the motion for summary judgment.

November 16, 1962, the court entered the following order of dismissal without prejudice:

"The above entitled matter having come on duly and regularly for hearing the 5th day of October, 1962, and having been continued to October 19, 1962, and thereafter until October 26, 1962; and the Plaintiff not having been present in person but represented by his attorney, Gale

P. Hilyer; and the Defendant having been represented by its attorney, Roger K. Garrison, and

"It having been made to appear to the satisfaction of the Court that the Plaintiff was injured September 2, 1957, and that the Plaintiff commenced this action September 24, 1959, by filing his Complaint with the Court, and that Summons and Complaint were served upon the Defendant the following day, September 25, 1959; that Defendant's answer was served upon the Plaintiff November 26, 1959, and filed with the Court December 4, 1959; that on September 1, 1960, Defendant filed motion for Summary Judgment; that the Defendant's motion for Summary Judgment came on for argument September 30, 1960, and was continued for further argument on October 7, 1960, and was thereafter taken under advisement by the Court, and

"It further appearing that the Court filed a Memorandum Opinion in the above entitled cause on January 16, 1961, denying said motion for Summary Judgment; that the Defendant did not move for reconsideration or further argument; that no order other than the Court's Memorandum Opinion denying the motion has ever been filed; and

"It further appearing that the case was noted for trial on June 26, 1962, and that the defendant did file a Motion to Dismiss Plaintiff's Complaint without prejudice under Rule 41.04, Rules of Pleading, Practice and Procedure, and the plaintiff having given due and proper notice of the presentation of an order pursuant to the court's memorandum decision of January 16, 1961, said notice of presentation being for October 26, 1962, and the court having orally ruled on October 26, 1962, that Defendant's motion for dismissal should be granted, rendering plaintiff's notice of presentation moot, now, therefore,

"IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Plaintiff's Complaint shall be, and the same is hereby, dismissed, without prejudice, pursuant to Rule 41.04, Rules of Pleading, Practice and Procedure."

The plaintiff appeals.

The appeal presents a single issue: Did the trial court err in dismissing appellant's cause of action?

Rule of Pleading, Practice and Procedure 41.04W(a), RCW Vol. 0, provides:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counter-claimant, cross-claimant, or third-party plaintiff neglects to

note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

■ A motion for summary judgment, timely filed, tolls the operation of Rule of Pleading, Practice and Procedure 41.04W. *Storey v. Shane*, 62 Wn. (2d) 640, 384 P. (2d) 379 (1963). In the cited case, we said:

". . . But a ruling on a motion for summary judgment, if granted, though it is a ruling of law to the effect that no issues of fact exist to be tried, is in the nature of a trial as it may finally resolve all of the issues raised by the parties in their pleadings, and a judgment granted pursuant to the motion may be final and, therefore, appealable. Any proceeding which, under the rules of procedure, may produce in due course a final adjudication on the merits is a trial or hearing within the rule."

This court held that the operation of the rule is tolled until the trial court hands down its order.

■ In the instant case, the court filed its memorandum opinion on the motion for summary judgment January 16, 1961. A memorandum opinion is not an order. It is an expression of the court's intention relative to the issue. The issue is not resolved until an order is entered. *Chandler v. Doran Co.* 44 Wn. (2d) 396, 267 P. (2d) 907 (1954).

October 26, 1962, a formal order resolving the issues joined by the motion for summary judgment was presented to the court for signature. The court refused to sign the formal order for the reason that the issues were "moot." The issues were not moot. The memorandum opinion was not a final order on the motion for summary judgment. The motion for summary judgment tolled the operation of Rule of Pleading, Practice and Procedure 41.04W until the issues raised thereby were resolved by the entry of an order. *Storey v. Shane, supra*; *Chandler v. Doran Co., supra*.

The order of dismissal without prejudice is reversed, and

the cause remanded with instructions to reinstate the cause of action.

HILL, ROSELLINI, and HALE, JJ., and MURRAY, J. Pro Tem., concur.

April 30, 1964. Petition for rehearing denied.