[No. 6-39878-1.    Division One.    December 22, 1969.]
Panel 1

GRAYCE EDITH LAPEIRE *et al., Appellants,* v. LAWRENCE H. TARTE *et al., Respondents.*

*Leonard W. Schroeter* and *Dean Bender,* for appellants.

*Williams, Lanza, Kastner & Gibbs* and *Joseph J. Lanza,* for respondents.

REVIEW GRANTED BY SUPREME COURT.

JAMES, C. J.—This is an appeal from an order dismissing plaintiff's action for want of prosecution. The order was entered pursuant to RPPP 41.04W(a) on June 19, 1967.[1]

These are the pertinent provisions of the rule:

Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, . . . neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party, who makes the motion to dismiss.

The relevant facts are as follows:

Plaintiff seeks damages for personal injuries she allegedly sustained because of defendant's medical malpractice.

[1] RPPP 41.04W(a) was superseded by CR 41(b)(1), which was adopted on May 5, 1967, and became effective on July 1, 1967.

The case was scheduled to be tried on April 14, 1966. Because of the congested trial calendar, the presiding judge could not assign the case for trial that day, and the case was continued to the April 18 trial calendar. During the morning of April 14, however, one of plaintiff's counsel advised defendant's attorney of newly discovered evidence to support an entirely new and theretofore unasserted claim of medical negligence. Defendant's counsel immediately prepared himself to resist any attempt to introduce the additional claim at the trial and to this end prepared a motion to confine the issues.

On April 18, 1966, the case was assigned to Judge Walterskirchen for trial. Defendant's motion to confine the issues was presented to the judge and considered by him in chambers. After the conference in chambers, the jury was discharged, and Judge Walterskirchen invited counsel to state their contentions for the record. The ensuing colloquy between court and counsel was made a matter of record in open court, and the judge made oral rulings which were entered in the clerk's minutes as follows:

Counsel for defendant moves to confine issues. Granted.
Counsel for defendant moves to impose terms. Granted.
Counsel for plaintiff moves to amend pleadings.
Motion continued subject to call.
Cause to be re-noted for trial.

No further proceedings occurred until April 21, 1967 (a year and 3 days later), when plaintiff filed a note of issue for the trial docket and a note of issue for the motion calendar purporting to note for hearing defendant's motion to confine the issues. The note for the trial docket states that the case is at issue and requests a trial date. On April 25 plaintiff filed a motion to amend her complaint but did not note it for hearing.

On May 1, 1967, defendant filed the motion to dismiss under RPPP 41.04W(a). The motion was granted, and this appeal followed.

Plaintiff contends that the record does not support the conclusion that she failed to prosecute under the mandate

of the rule. She further contends that her failure to note the cause for trial or other hearing was caused in part by the defendant.

We find nothing in the record to support plaintiff's contention that her failure to note for trial or hearing within a year after April 18, 1966, was caused by any act or omission of the defendant.

■ Plaintiff's primary argument is that the running of RPPP 41.04W (a), which had been tolled by the filing of the note of issue for trial, did not begin again because Judge Walterskirchen held the motion to confine the issues under advisement and did not enter a written order disposing of the motion.

Plaintiff cites *Nicacio v. Yakima Chief Ranches, Inc.*, 63 Wn.2d 945, 389 P.2d 888 (1964) to support her position. The defendant in *Nicacio*, moved for summary judgment. The motion was denied in a memorandum opinion, but no *order* denying the motion was ever entered. The plaintiff then permitted more than a year to elapse without re-noting the case for trial, and the trial judge granted defendant's motion to dismiss for want of prosecution. The Supreme Court reversed the order of dismissal. The court concluded that the issue of law joined in the motion for summary judgment had never been resolved since the ruling had never been reduced to a written order. And since the issues joined in the motion for summary judgment had never been resolved by written order, the 1-year period never began to run.

The situation in *Nicacio* is unlike the situation before this court, however. The issue of law underlying defendant's motion to confine the issues was resolved the moment the judge made his oral ruling. The record made in open court clearly discloses that the judge did not take the matter under advisement. There was no need to express the oral ruling in a written order.

Defendant's motion to confine the issues cannot be equated with a motion for summary judgment. Defendant need not have made the motion before trial. He could have

raised the same issue during trial by objecting to plaintiff's offer of evidence in support of the new cause of action. The granting of the motion to confine the issues was essentially an anticipatory ruling excluding such evidence. In neither case would a written order be required.

The record discloses that it was plaintiff who elected to forego an immediate trial upon the issues as drawn. The minute entry reflects the fact that plaintiff's oral motion to amend her complaint was continued subject to call and that the cause was to be re-noted for trial. The case remained at issue, and the operation of the rule was again set in motion at the termination of the hearing before Judge Walterskirchen. The obligation to comply with the rule was plaintiff's. *Bishop v. Hamlet,* 58 Wn.2d 911, 365 P.2d 600 (1961). When plaintiff neglected to note the case for trial within the time provided by the rule, the dismissal of her case was mandatory.

Affirmed.

SWANSON and STAFFORD, JJ., concur.

---

Petition for rehearing denied January 26, 1970.