[No. 19033-1-III.   Division Three.   May 29, 2001.]

MICHAEL A. STEINMETZ, *Petitioner*, v. CALL REALTY, INC., *Respondent*.

*Michael M. Parker* (of *Powell, Kuznetz & Parker*), for petitioner.

*Jonathan C. Rascoff* (of *Rascoff Law Firm*), for respondent.

SWEENEY, J. — A trial judge must enter findings on the material facts of a suit. She must also make conclusions of law setting out the legal reasons for her judgment. RALJ 5.2(b). However, a written opinion or memorandum of a decision is sufficient if findings of fact and conclusions of law are included. RALJ 5.2(b). In this negligence and breach of contract suit, a district court judge filed a three-page "letter opinion" which spelled out both findings and conclusions, albeit in a nontraditional form. Because the appellant, Michael A. Steinmetz, filed a motion for reconsideration more than 10 days after the filing of this "letter opinion," the district court judge refused to entertain his motion. She then entered judgment in favor of Call Realty, Inc. The superior court affirmed on appeal. Because the findings and conclusions here meet the requirements of RALJ 5.2(b), we also affirm.

## FACTS

Mr. Steinmetz hired Call Realty to manage rental property in Spokane. Their "management contract" included a hold harmless clause that "[t]he agent also shall not be liable for any error of judgment or for any mistake of fact [or] law, or for anything which it may do or refrain from doing hereinafter; except in cases of willful misconduct or gross negligence." Transmittal of R. on Appeal to Superior Ct. (Ex. 1). Things did not work out too well for either party.

Mr. Steinmetz was very unhappy with the way Call Realty managed the property.

The essence of the dispute is that Call Realty used some bad judgment in selecting the tenant, Mark Short. Call Realty denied this. It also argued that much of the damage to the rental property was the result of the Spokane ice storm of 1996. The particulars of their dispute are not germane to the question before us.

In any event, Mr. Steinmetz sued Call Realty for breach of the contract and gross negligence. They tried the case to a district court judge sitting without a jury in December 1998. The district court judge mailed what she denominated a "letter opinion" in Call Realty's favor on April 6, 1999.

Call Realty then wrote a letter to the court requesting payment of attorney fees, apparently as part of an offer of judgment process (RCW 4.84.250). Mr. Steinmetz responded that no formal judgment had been entered. And he wanted to move for reconsideration. The court responded that findings, conclusions, and a judgment were required and they should be prepared by Call Realty. It also told Mr. Steinmetz to file and serve his reconsideration motion so it could be argued at the same time.

Call Realty then moved to strike Mr. Steinmetz's motion for reconsideration. It argued that the court's letter opinion of April 6 was a final order and therefore Mr. Steinmetz's motion for reconsideration was untimely. The court agreed with Call Realty and struck Mr. Steinmetz's motion as untimely.

Mr. Steinmetz appealed to superior court. Call Realty moved to dismiss the appeal, arguing that it was untimely because it was filed more than 30 days after the entry of the April 6 letter opinion. The superior court agreed and dismissed the appeal. We accepted discretionary review.

## DISCUSSION

Mr. Steinmetz contends that the court's letter opinion is

not a final judgment and because it is not, his motion for reconsideration was timely. He contends that the court's letter opinion contained neither separate nor formal findings of fact and conclusions of law and cannot therefore be deemed a final judgment for purposes of his motion to reconsider. RALJ 5.2(b).

The court's letter opinion focuses on the hold harmless clause as the "crux of this case." It then sets out the following factual findings:

> She [Call Realty] used a reputable screening service, Affiliated Information Resources, Inc., to review Mr. Short's qualifications and then used her judgment in agreeing to lease to him. The homes owned by Plaintiff had inherent problems which she had worked through as they were discovered. The Ice Storm created some extraordinary problems due to the power outages and hazardous living and driving conditions.

Clerk's Papers (CP) at 4. Further along in the letter opinion, the court finds:

> The testimony provided at trial supports no finding of intent to injure Mr. Steinmetz. In fact, the testimony indicates that the intent of the Defendant was to provide Plaintiff with tenants and profit.
>
> . . . .
>
> While allowing Mr. Short in the residence as a tenant may not have been the best judgment, it was apparent Mr. Steinmetz agreed to it.

CP at 5.

The court then, by way of conclusions of law, passed upon whether the exculpatory clause in this real estate management contract violated public policy noting that

> Shields v. Sta-Fit [Inc.], 79 Wn. App. 584[, 903 P.2d 525] (1995) sets out six criteria to consider to determine if an exculpatory clause violates public policy. Here, only one of six criteria is definitively met. The other five refer to the essential nature of the service performed for a public which has little choice but to seek the service through the specific agency. It does not apply here.

CP at 4-5. Having then concluded that the exculpatory clause did not violate public policy, the court then went on to discuss whether the facts of the case supported either willful misconduct or gross negligence:

> Willful misconduct requires intent to commit misconduct, and is characterized by an intent to injure. . . .
>
>  . . . .
>
>  . . . The other issues with Mr. Short were possible ordinary negligence but, even in total, the acts failed to rise to be appreciably and substantially greater than ordinary negligence.

CP at 5. The court previously noted that the negligence would have to be substantially and appreciably greater than ordinary negligence in order to satisfy the threshold requirement of gross negligence.

Finally, the court unequivocally enters judgment for Call Realty: "Judgment is entered in favor of Defendant." CP at 5.

█ The judge's form may not be the best way to articulate findings, conclusions and a judgment. But the question before us is whether it meets the threshold requirement of RALJ 5.2(b). And we conclude that it does. We agree then with the superior court that the district court correctly dismissed Mr. Steinmetz's motion for reconsideration.

RALJ 5.2(b) provides:

> In all actions tried upon the facts without a jury or with an advisory jury the court shall state separately its findings of fact and conclusions of law. Judgment shall be entered pursuant to CRLJ 58 or CrRLJ 7.3 and may be entered at the same time as the entry of the findings of fact and the conclusions of law. *If a written opinion or memorandum of decision is filed, it will be sufficient if formal findings of fact and conclusions of law are included.*

(Emphasis added.)

Mr. Steinmetz relies on three cases for his position that the court's opinion here does not meet the requirements of

RALJ 5.2(b): *Nicacio v. Yakima Chief Ranches, Inc.*, 63 Wn.2d 945, 389 P.2d 888 (1964); *Chandler v. Doran Co.*, 44 Wn.2d 396, 267 P.2d 907 (1954); and *State v. Knox*, 86 Wn. App. 831, 939 P.2d 710 (1997).

*Knox* is a search and seizure case. There, a superior court judge filed a "memorandum decision" which reversed a conviction for being in physical control of a vehicle while under the influence of intoxicants. The court concluded that the defendant's encounter with a Washington State patrolman constituted an unlawful search and seizure. *Knox*, 86 Wn. App. at 834.

A question before the court in *Knox* was whether the court's memorandum decision was a final judgment which would start the time period running for the State's filing a notice of discretionary review. Division Two of this court concluded that it was not, notwithstanding the fact that the memorandum decision appeared to satisfy the RALJ and contains most of the necessary elements of an order or judgment. *Id.* at 836. The court found two shortcomings: (1) "[I]t does not contain a caption entitling it an order or judgment," (2) "[n]or does it order that any action take place." *Id.*

■ First, we disagree with *Knox* insofar as it appears to require a formal caption denominating the particular piece of paper on which an order or judgment is contained as an "order" or "judgment." Certainly nothing in RALJ 5.2(b) would appear to require this. This is particularly so in district court because of the high volume of cases. It would seem a bit inefficient to require a district court judge, who has already articulated findings, conclusions, and a judgment, to then schedule another hearing for presentment of findings, conclusions, and judgment just to add a caption. Second, the case before us is distinguishable on the second *Knox* requirement. Here, the district court judge concluded her decision with "[j]udgment is entered in favor of Defendant." CP at 5. The language could not be more unequivo-

cal. CRLJ 58[1] requires no more.

Both *Nicacio* and *Chandler* stand for the proposition that a memorandum opinion expressing a tentative ruling is not a final judgment (for an order granting summary judgment in *Nicacio*, and for a tentative decision that "demurrers to both causes of action would be sustained" are not final orders in *Chandler*). *Nicacio*, 63 Wn.2d at 948; *Chandler*, 44 Wn.2d at 400. Neither is applicable here.

■ The court is, of course, not required to make negative findings as Mr. Steinmetz suggests. *Morgan Bros. v. Haskell Corp.*, 24 Wn. App. 773, 783, 604 P.2d 1294 (1979) (Ringold, J., concurring). And the court's written opinion here includes adequate findings of fact, conclusions of law, and a judgment.

Mr. Steinmetz's motion for reconsideration was then untimely.

Affirmed.

KURTZ, C.J., and BROWN, J., concur.

---

[1] "If the trial is by the judge, judgment shall be entered immediately after the close of the trial . . . ."