[No. 30282-2-III.   Division Three.   December 6, 2012.]

GARY LOWE, *Appellant*, v. CARL ROWE, JR., *Respondent*.

254

*Michael J. Beyer*, for appellant.
*Michael V. Hubbard*, for respondent.

¶1 KORSMO, C.J. — Gary Lowe sued Carl Rowe Jr. after Mr. Rowe asked law enforcement to serve a trespass notice on Mr. Lowe. The trial court on summary judgment dismissed the ensuing defamation action on the basis of Washington's anti-SLAPP[1] statute, RCW 4.24.510. We uphold the application of the anti-SLAPP immunity to these facts but remand the statutory damages for trial because a factual question exists that precludes summary judgment.

---

[1] Strategic lawsuits against public participation.

## FACTS

¶2 This dispute has its genesis in a will. Mr. Vernon Marll died and left old vehicles valued at approximately $10,000 to his nephew, Mr. Lowe. Title to the inherited vehicles, which included a Model A Ford pickup truck, was transferred to Mr. Lowe on June 17, 2008. The vehicles were located on Mr. Marll's real property in Columbia County. Mr. Lowe also stored several personal vehicles, including tractors and trailers, on his uncle's property.

¶3 Mr. Marll's estate entered into an agreement to sell the Columbia County realty to Mr. Rowe on April 28, 2008. Five days later, the estate wrote Mr. Lowe and asked him to remove the vehicles within 30 days due to the pending sale. The estate's attorney recognized that the time period might constitute a hardship for Mr. Lowe, who winters in Texas but spends his summers in Dayton, Washington. Mr. Lowe did not remove the vehicles during the 30-day period.

¶4 With the agreement of the estate, Mr. Rowe took over early possession of the land in April, although the sale did not close until October 31, 2008. Mr. Rowe later stated that he was told by a real estate agent that any cars left on the land after 30 days became his property. When the 30-day period expired, Mr. Rowe gave Mr. Lowe two more weeks to retrieve the vehicles. During July 2008, Mr. Lowe apparently retrieved some of the vehicles and Mr. Rowe assisted by unlocking the gate to the property and by removing some blackberry bushes that had grown up around several of the vehicles.

¶5 Mr. Rowe had several of the vehicles crushed and removed from the property on August 8, 2008. Mr. Lowe engaged a tow truck to remove a truck from the Marll property on August 12, 2008. Mr. Rowe claimed to have already sold the truck to a scrap man for $80 and obtained Mr. Lowe's promise to pay him $80 for the truck. Mr. Lowe removed the truck but never paid the $80. Later that day,

Mr. Rowe went to the Columbia County Sheriff's Office to have them serve a trespass notice on Mr. Lowe that prohibited him from returning to the property. As Mr. Rowe subsequently explained, "it made me mad, so I followed him right down the street and I got a restraining order [criminal trespass warning] against Gary to keep him off the property." Clerk's Papers (CP) at 173.

¶6 Prohibited from returning to the property, Mr. Lowe turned to the courts. He filed an action against Mr. Rowe in February 2009, alleging conversion of the vehicles and defamation due to the trespass notice. The parties agreed in July 2010 that Mr. Lowe could remove the remaining vehicles that had not been destroyed; he promptly did so.

¶7 Mr. Rowe moved to dismiss the complaint in June 2011, citing both CR 12(c) and CR 56(c). Specifically, he claimed that the conversion claim was barred by laches or waiver, while he was immune from the defamation claim by operation of RCW 4.24.510. CP at 41. Materials submitted for consideration with the motion to dismiss included affidavits, exhibits, and portions of deposition testimony. The trial court dismissed the conversion claim for failure to timely claim the vehicles and the defamation claim on immunity grounds. The court also imposed statutory damages of $10,000 under the anti-SLAPP statute and awarded Mr. Rowe his attorney fees for defense of the defamation claim under the same authority.

¶8 Mr. Lowe timely appealed to this court.

## ANALYSIS

¶9 Mr. Lowe contends that the anti-SLAPP statute was inapplicable to this case and that Mr. Rowe could not rely on the provision without first establishing that he acted in good faith, thus presenting a factual issue that prevented summary judgment. Mr. Lowe also argues that the court erred in dismissing the conversion claim as a matter of law because factual issues existed. We will address the two causes of action in turn.

¶10 We review summary judgment rulings in accordance with well-settled standards. This court reviews summary judgments de novo. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "A material fact is one that affects the outcome of the litigation." *Owen v. Burlington N. Santa Fe R.R.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). When considering a summary judgment motion, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). Once a moving party has made a showing that no material facts are in dispute, the party opposing summary judgment must come forward with specific facts in dispute; it cannot rely on conclusory statements or speculation to defeat summary judgment. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

¶11 Dismissal under CR 12 is appropriate only where it appears beyond doubt that the plaintiff cannot prove any set of facts that would justify recovery. *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). We review the trial court's decision on a motion on the pleadings de novo. *Gaspar v. Peshastin Hi-Up Growers*, 131 Wn. App. 630, 634, 128 P.3d 627 (2006). A motion to dismiss for failure to state a claim (CR 12(b)(6)) and a motion for judgment on the pleadings (CR 12(c)) raise identical issues and are subject to the same standard of review. *Id.* at 634-35.

¶12 When the court considers matters outside of the pleadings, a motion to dismiss will be considered a motion for summary judgment. CR 12(c). That is what happened here. Because the court considered evidence, we will treat this ruling as a summary judgment.

*Anti-SLAPP Statute*

██ ██ ¶13 The arguments Mr. Lowe presents arise from the evolution of our statute. One commentator described the original 1989 statute as legislation that "more closely resembles a whistleblower immunity statute." Michael Eric Johnston, *A Better SLAPP Trap: Washington State's Enhanced Statutory Protection for Targets of "Strategic Lawsuits Against Public Participation*," 38 GONZ. L. REV. 263, 282 (2003). The description is apt. The original 1989 statement of intent was enacted as RCW 4.24.500 and remains unaltered to this day. After describing legislative findings that civil litigation could deter citizen reports to the government, the statute concludes with a statement that its purpose "is to protect individuals who make good-faith reports to appropriate governmental bodies." *Id.*

¶14 The operative provision of the act to this case is RCW 4.24.510. As originally enacted, that statute provided that any "person who in good faith" communicated to a government agency "any matter reasonably of concern" was "immune from civil liability" for claims based on that communication. LAWS OF 1989, ch. 234, § 2. The act also provided that the individual could recover "costs and reasonable attorneys' fees." *Id.* After a 1999 amendment[2] to add reports to self-governing organizations, the statute was again amended in 2002. LAWS OF 2002, ch. 232, § 2. It then assumed its current form:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter

---

[2] LAWS OF 1999, ch. 43, § 1.

reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

RCW 4.24.510.[3]

¶15 The 2002 amendments eliminated the "good faith" reporting language of the 1989 law and created statutory damages of $10,000, which could be denied if the communication was made in bad faith. There was no amendment to the statement of intent found in RCW 4.24.500.

¶16 The 2002 legislation did have its own intent section, which clearly identified SLAPP actions as the target of the expanded statute, and identified those cases in terms of actions taken against individuals who had communicated "on a substantive issue of some public interest." LAWS OF 2002, ch. 232, § 1. Citing this language, Mr. Lowe argues that the dispute between the two men did not present an issue of public interest and, therefore, the anti-SLAPP statutes do not reach this case.

¶17 This argument ignores both the stated intent codified in RCW 4.24.500 to protect individuals and the operative language of subsection .510 that an individual who communicates to local government

is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.

RCW 4.24.510. The language of the section broadly grants immunity for civil liability for communications to an agency concerning a matter "reasonably of concern to that agency."

---

[3] The legislature added RCW 4.24.525 in 2010. That provision creates a summary motion practice designed to lead to early dismissal of SLAPP suits; it also awards costs, attorney fees, and $10,000 in statutory damages. LAWS OF 2010, ch. 118, § 2.

RCW 4.24.510. There is no doubt that enforcement of the state criminal laws is a matter of concern for the Columbia County Sheriff's Office. Mr. Rowe's communication, asking that the agency notify Mr. Lowe he was no longer welcome on the Rowe property, was clearly a matter within the concerns of that agency.

¶18 Although the scope of RCW 4.24.510 is broader than the traditional SLAPP suit, that situation has arisen from the development of our statute over time as the legislature has responded to litigation developments. The 2002 amendments clarify legislative intent to reach SLAPP actions while maintaining the original protection afforded individuals who communicate with government agencies. The trial court correctly determined that Mr. Rowe was immune from liability for his communication to the sheriff's office that Mr. Lowe was no longer welcome on his property.[4]

¶19 Mr. Lowe also argues that Mr. Rowe failed to establish that the communication to the sheriff was made in good faith. This court has already answered that question. In *Bailey v. State*, 147 Wn. App. 251, 260-63, 191 P.3d 1285 (2008), we rejected a similar argument after noting that the 2002 amendments removed the original good faith reporting requirement. Nonetheless, Mr. Lowe, as did Ms. Bailey, argues that the intent specified in RCW 4.24.500 references protection for "good faith" reports and that such an element continues to exist despite the amendment of RCW 4.24.510. It does not. As explained in *Bailey*, intent statements do not control over the express language of an otherwise unambiguous statute. 147 Wn. App. at 262-63. The legislative decision to remove a good faith reporting requirement cannot be undone by its failure to similarly amend the intent section. *Id.* All that needed to be established to

---

[4] Reports to law enforcement regularly have been afforded immunity under this statute. *See Tham Thi Dang v. Ehredt*, 95 Wn. App. 670, 977 P.2d 29 (1999) (bank employee who communicated possible forged check to police); *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now (C.L.E.A.N.)*, 119 Wn. App. 665, 82 P.3d 1199 (2004) (citizen reports to police concerning an officer).

obtain immunity was for Mr. Rowe to demonstrate that he communicated to law enforcement concerning a matter within their responsibility. He did so; the trial court correctly concluded that the statutory immunity applied to that communication.

¶20 However, the removal of the good faith reporting requirement was coupled with the addition of a statutory penalty that was available unless the report was made in bad faith. The trial court resolved this matter at summary judgment, a determination that meant there were no factual issues in dispute. However, the question of whether Mr. Rowe acted in bad faith by requesting the trespass notice does appear to present unresolved factual questions that could not be decided by summary judgment.

¶21 The portion of the deposition quoted previously established that Mr. Rowe contacted law enforcement because he was mad at Mr. Lowe and expected payment for one of Mr. Lowe's trucks that was removed from the property. We think this evidence leaves the question of Mr. Rowe's motivation up in the air. Was he seeking government aid in banning Mr. Lowe from the property because he was protecting his land from an unwanted trespasser, or was he seeking to claim the vehicles as his own and/or solicit payments from Mr. Lowe? On this record, the evidence conflicts and could not be resolved at summary judgment.

¶22 Accordingly, we affirm the trial court's dismissal of the defamation claim on the basis of the immunity conveyed by RCW 4.24.510. The unresolved question of whether the report was made in bad faith precludes the award of statutory damages at this time. We reverse that award and remand the matter to the trial court for further proceedings.

### Conversion Claim

¶23 The trial court dismissed the conversion claim on the basis that Mr. Lowe had "ample time and opportunity" to remove the vehicles and forfeited them by failing to

remove them. In essence, the trial court concluded that the three-and-a-half-month period allotted Mr. Lowe to remove his inheritance was sufficient as a matter of law. Since there is no contrary evidence in the record suggesting this was unreasonable, we affirm.

¶24 Conversion is the willful interference with another's property without lawful justification, resulting in the deprivation of the owner's right to possession. *Brown v. Brown*, 157 Wn. App. 803, 817, 239 P.3d 602 (2010). Abandonment of property is a complete defense to the tort of conversion. *Jones v. Jacobson*, 45 Wn.2d 265, 267, 273 P.2d 979 (1954).

¶25 Mr. Lowe argues that he did not abandon the vehicles because he was continuing to remove them up to the point where Mr. Rowe crushed some of them and then barred him from the property. While that evidence may indicate he did not intend to abandon the property, it does not answer the question of whether he had already done so by his dilatory actions over the summer. This court many times has upheld trial court determinations of abandonment where a property owner with notice of the need to retrieve property failed to do so in a timely manner even while claiming the property as his own. *E.g.*, *Excelsior Mortg. Equity Fund II v. Schroeder*, 171 Wn. App. 333, 287 P.3d 21 (2012); *Lamar Outdoor Adver. v. Harwood*, 162 Wn. App. 385, 254 P.3d 208 (2011); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 225 P.3d 266 (2009).

¶26 In essence, despite being awarded the property under the will, Mr. Lowe never took possession of it. Instead, he left it on Mr. Rowe's property. The estate gave him 30 days to remove the property, a time period that we assume in the absence of contrary evidence was sufficient to accomplish the task. The property's new owner permitted him another two weeks but actually allowed him nearly ten more weeks. The task was still not accomplished. The record does not reflect that more time was genuinely needed or that some factor beyond Mr. Lowe's control, such as bad weather, prevented him from taking possession of his property.

¶27 Control over the land is part of the bundle of sticks associated with land ownership and use. *Excelsior*, 171 Wn. App. at 344. Mr. Rowe was not required to maintain the old vehicles on his land indefinitely and could act when Mr. Lowe declined to meet the deadlines provided him. We do not believe he was required to set a specific final date for the removal to be completed. There was no evidence presented that the time allotted by first the estate and then by Mr. Rowe was insufficient to remove the vehicles to Mr. Lowe's own property. The fact that he had not removed the vehicles is not proof that he could not have done so.

¶28 The order granting summary judgment on the conversion claim is affirmed.

¶29 Mr. Rowe also seeks attorney fees on appeal. RAP 18.1. He is entitled to attorney fees under the anti-SLAPP statute for successfully defending his immunity on the defamation charge. In light of the fact that we are remanding to the trial court for further proceeding, the trial judge shall award reasonable attorney fees for defense of the defamation claim in this court. There is no basis for awarding fees on the conversion claim.

¶30 Affirmed in part, reversed in part, and remanded.

SWEENEY and BROWN, JJ., concur.

Reconsideration denied January 31, 2013.

Review denied at 177 Wn.2d 1018 (2013).