# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2013 SEP 23 AM 9: 22
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

| | | |
|---|---|---|
| CHANCE GOODMAN, | ) | NO. 68711-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WAYNE OLSEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: September 23, 2013 |
| | ) | |

LAU, J. — The State filed a criminal charge against Chance Goodman stemming from Wayne Olsen's report that Goodman assaulted him when Olsen attempted to serve Goodman with legal documents. Goodman then sued Olsen for defamation. The trial court determined that Olsen was immune from liability and granted summary judgment in favor of Olsen. The only alleged defamatory statements attributed to Olsen occurred during the course of judicial proceedings or were reports to law enforcement entitled to statutory protection under Washington's anti-SLAPP (strategic lawsuits against public participation) statute, RCW 4.24.510. We affirm the summary judgment dismissal of Goodman's lawsuit and award of statutory damages and attorney fees.

## FACTS

Goodman represents himself on appeal as he did below. Although he provides an incomplete record on appeal, we are able to derive the following facts: Goodman

was involved in litigation against other members of his family regarding a property dispute. In the course of that litigation, Wayne Olsen attempted to serve Goodman with legal papers. Olsen alleged that during this interaction, Goodman pulled a baseball cap and a handful of hair from his head and then shoved him against the side of his truck. Olsen said that Goodman yelled obscenities at him and, as he tried to leave, stood inside the truck door and would not let him close it. Olsen alleged that Goodman threw the legal documents in his truck window as he eventually drove away.

The State charged Goodman with assault based on these allegations. After the trial against Goodman resulted in a hung jury, the State dismissed the charge.

In the property dispute litigation, Goodman filed a third party complaint against Olsen seeking damages for defamation. Goodman identified as defamatory the following statements: (1) Olsen's statements to Skagit County law enforcement describing the assault, (2) Olsen's testimony during Goodman's criminal trial, (3) Olsen's statements in a declaration of service describing the attempted service of legal documents, and (4) statements describing the assault in several news articles.

Olsen filed a motion for summary judgment. He argued that his statements made in the context of judicial proceedings were privileged, see Twelker v. Shannon & Wilson, Inc., 88 Wn.2d 473, 475, 564 P.2d 1131 (1977), and that he was entitled to statutory immunity based on his reports to law enforcement under the anti-SLAPP statute, RCW 4.24.501. Olsen also pointed out that no statements in any news articles were attributed to him, and he denied talking to any reporters. Goodman's substantive response to Olsen's motion, in its entirety, stated, "Third Party Defendant Wayne Olsen's motion for Summary Judgment under CR 56 fails to meet its burden."

The trial court granted summary judgment dismissing the third party complaint against Olsen. Because Olsen prevailed in his defense under RCW 4.24.510, the court ruled that he was also entitled to recover statutory damages of $10,000 under the statute and reasonable attorney fees in an amount to be determined at a subsequent hearing.

Olsen filed a motion in support of his request for attorney fees of $5,500. Goodman filed a response to entry of judgment. Goodman argued that statutory damages and attorney fees were unwarranted under RCW 4.24.510 because Olsen's "hair injury was a fake" and, therefore, Olsen communicated with law enforcement in bad faith. He submitted letters from three medical professionals who examined photographs taken after the incident of a clump of hair and Olsen's head. They all reached the conclusion that the photographs do not conclusively establish that the hair depicted came from Olsen's head or that Olsen sustained an injury to his head. Goodman also submitted the declaration of his brother who claimed to be an eyewitness to the incident and expressed his opinion that the "injury reported by Wayne Olsen was a fake."

The court entered judgment in favor of Olsen for $15,500. Goodman appeals.

## ANALYSIS

When reviewing an order for summary judgment, we engage in the same inquiry as the trial court. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of

material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). However, the appellate court will consider only evidence and issues called to the attention of the trial court. RAP 9.12. Thus, "[a]n argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal." Silverhawk, LLC v. KeyBank Nat'l Ass'n, 165 Wn. App. 258, 265, 268 P.3d 958 (2011). To allow otherwise "would be to undermine the rule that an appellate court is to engage in the same inquiry as the trial court in reviewing an order of summary judgment." Wash. Fed'n of State Emps., Council 28, 121 Wn.2d 152, 163, 849 P.2d 1201 (1993).

Goodman argues that the evidence he submitted shows that Olsen reported a false injury. Therefore, he claims that genuine issues of fact preclude summary judgment as to whether Olsen was immune from liability for defamation. He also argues that Olsen was not entitled to statutory damages because he communicated with law enforcement in bad faith when he reported the false injury.

But as a factual matter, the evidence produced by Goodman in no way establishes that the assault Olsen reported did not occur or that Olsen reported the incident in bad faith. Goodman also provides no legal authority supporting his position that the evidence pertaining to the underlying factual allegations has any effect on Olsen's claim of privilege. There is no requirement that a report or communication to a government agency must be in good faith for the person who makes the report to be immune from civil liability under RCW 4.24.510; a finding of bad faith affects only the availability of statutory damages. Bailey v. State, 147 Wn. App. 251, 262, 191 P.3d 1285 (2008); RCW 4.24.510.

The more fundamental problem is that Goodman did not raise this "fake injury" argument, or any other argument, until after the court entered the order of summary judgment. He raised the issue below in his response to entry of judgment when the only issue before the court was the determination of the amount of attorney fees reasonably expended. Because these arguments and the evidence supporting the arguments were never "called to the attention of the trial court" when it ruled on summary judgment that Olsen's defense of immunity prevailed, Goodman's claims are waived on appeal. RAP 9.12.

Olsen requests attorney fees on appeal. He is entitled to reasonable attorney fees incurred on appeal under the anti-SLAPP statute for successfully defending his immunity on the defamation charge. See RAP 18.1; RCW 4.24.510; Lowe v. Rowe, 173 Wn. App. 253, 264, 294 P.3d 6 (2012).

We affirm.

WE CONCUR: