# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARK W. HAFFNER, an individual, | No. 70494-0-I |
| Appellant, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| IVAR RONALD ALM and JANE DOE ALM, a married community, | |
| Respondents, | |
| and | |
| CLAYTON LITTLEJOHN, an individual, | |
| Defendant. | FILED: January 20, 2015 |

TRICKEY, J. — Abandonment is a complete defense to conversion. Here, the evidence clearly showed that the plaintiff had left construction equipment on the defendant's property for several years and failed to respond to multiple requests to remove the equipment. The defendant's disposal of the abandoned equipment did not constitute conversion. The trial court is affirmed.

## FACTS

In 2003, Mark Haffner performed some cleanup work on Ivar Alm's farm in exchange for storage of some equipment: two TD-25 bulldozers, 70,000 pounds each, a John Deere 450C, and an equipment trailer. Haffner testified that he had planned to remove one of the engines from the bulldozers and switch it out with the other. Alm repeatedly requested Haffner to remove the equipment, but Haffner failed to do so. The construction equipment remained on Alm's property for approximately five years.

In 2008, Haffner sued Alm in small claims court for extra work that was performed on the property and rental of the bulldozer. Alm counterclaimed for rent of $200.00 a month, which Haffner agreed to in order to have time to fix the bulldozers. At the time of the small claims action, the equipment was no longer on Alm's property. Haffner claimed that the equipment had been stolen. The district court awarded neither party any money, ruling that the claims offset one another.

Alm had the bulldozers removed from his property. Some of this removal was accomplished before the small claims action. Haffner sued Alm for conversion of his bulldozers and loss of income, requesting monetary damages in excess of $200,000.00. After a bench trial, the court found that Haffner had been given multiple notices to remove the bulldozers, but failed to do so. The trial court found Haffner's testimony unpersuasive. Additionally, the court found that the district court's ruling as to the work claims was res judicata. Finding no merit to the remaining conversion claim, the trial court denied all claims. Haffner appeals.

## ANALYSIS

We review a bench trial where the trial court has evaluated the evidence to determine whether substantial evidence supports the trial court's findings of fact and whether those findings support the court's conclusions of law. Standing Rock Homeowners Ass'n v. Misich, 106 Wn. App. 231, 242-43, 23 P.3d 520 (2001). Substantial evidence is evidence sufficient to persuade a fair-minded person of its truth. Hegwine v. Longview Fibre Co., Inc., 132 Wn. App. 546, 555-56, 132 P.3d 789 (2006), aff'd 162 Wn.2d 340, 172 P.3d 688 (2007). Evidence may be substantial even if there are other reasonable interpretations of the evidence. Sherrell v. Selfors, 73 Wn. App.

596, 600-01, 871 P.2d 168 (1994). Appellate courts defer to the trial court's determinations on the persuasiveness of the evidence, witness credibility, and conflicting testimony. Snyder v. Haynes, 152 Wn. App. 774, 779, 217 P.3d 787 (2009). We will not disturb a trial court's ruling if substantial, though conflicting, evidence supports its findings of facts. Merriman v. Cokeley, 168 Wn.2d 627, 631, 230 P.3d 162 (2010).

Conversion has its roots in the common law action of trover. Alhadeff v. Meridian on Bainbridge Island, LLC, 167 Wn.2d 601, 619, 220 P.3d 1214 (2009). Trover "'redressed an interference with one's interest in a chattel that was substantial enough to justify compelling the wrongdoer to pay for it as in a forced sale.'" Potter v. Washington State Patrol, 165 Wn.2d 67, 78, 196 P.3d 691 (2008) (quoting Iglesias v. United States, 848 F.2d 362, 364 (2d Cir. 1988)).

Abandonment of property by the owner is a complete defense to an action for conversion. Jones v. Jacobson 45 Wn.2d 265, 267, 273 P.2d 979 (1954); Lowe v. Rowe, 173 Wn. App. 253, 263, 294 P.3d 6 (2012), review denied, 177 Wn.2d 1018, 304 P.3d 114 (2013). This court has upheld trial court determinations of abandonment where a property owner with notice of the need to retrieve properly failed to do so in a timely manner even while claiming the property as his own. See, e.g., Excelsior Mortg. Equity Fund II, LLC v. Schroeder, 171 Wn. App. 333, 287 P.3d 21 (2012), review denied, 177 Wn.2d 1005, 300 P.3d 416 (2013); Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 225 P.3d 266 (2009).

The facts here are analogous to those in Lowe. There, the defendant stored several personal vehicles on his uncle's property that was sold by the estate. The

estate requested Lowe remove the vehicles within 30 days because of the pending sale. Lowe failed to do so. When the 30 days expired, the new owner gave Lowe an additional two weeks to retrieve the vehicles. Lowe retrieved and removed some of the vehicles, but left several on the property. The owner then had those vehicles crushed and removed from the property. Lowe, 173 Wn. App. at 256. The trial court concluded that the three and a half month time frame allotted Lowe was sufficient time to remove all of the vehicles. In upholding the trial court, the appellate court noted that although the "evidence may indicate he did not intend to abandon the property, it [did] not answer the question of whether he had already done so by his dilatory actions over the summer." Lowe, 173 Wn. App. at 263.

Similarly, here, Haffner argues that he did not abandon the bulldozers because he continued to work on them until he was prevented from doing so. The trial court found that Haffner was given multiple notices to remove the equipment, but failed to do so in a timely manner. Leaving the equipment on the property constituted a continued trespass. Alm gave sufficient notice even seeking out Haffner's brother to speak to Haffner about removing the equipment. The trial court specifically found Haffner's contention that he was prevented from entering the property to be without merit. Haffner's choice to sporadically work on the equipment, rather than remove it, constituted an abandonment.

Haffner's bulldozers could be seen from the house's windows and were an eye sore. Alm gave Haffner ample opportunity to remove the equipment and he chose not do so. There was no evidence that more time was needed or that some other factor

was present to prevent removal. This was a course of conduct that occurred over years.

Haffner misconstrues the trial court's holding on res judicata. The trial court correctly held that the matter was res judicata as to any work claims. It decided the conversion claim based on the evidence heard during the three-day bench trial.

Haffner also argues that the trial court failed to issue findings of fact and conclusions of law. But when Alm submitted proposed findings of fact and conclusions of law, Haffner objected, claiming that the trial court no longer had jurisdiction to enter the findings. The trial court then entered an order stating that it determined that additional findings were not necessary unless required by this court. Having stopped the trial court from entering formal findings of fact and conclusions of law, Haffner cannot now argue that it was error to not file such findings.

Additionally, CR 52(a)(4) provides that if a written memorandum of decision is filed, it is sufficient if formal findings of fact and conclusions of law are included. See also Steinmetz v. Call Realty, Inc., 107 Wn. App. 307, 23 P.3d 1115 (2001). Here, the trial court made specific findings supported by its rationale in its letter ruling. While the better course of conduct in this instance would have been to enter the findings of fact submitted by the defendant (assuming such findings reflected those already issued in the court), it is clear by its order that the trial court considered its letter ruling to be the findings of fact and conclusions of law.[1]

---

[1] This court has accepted findings of fact entered subsequent to the filing of an appeal. So long as such findings are not tailored to meet the issues on appeal, such entry is appropriate and no prejudice will be inferred therefrom. State v. Head, 136 Wn.2d 619, 625, 964 P.2d 1187 (1998).

Affirmed.

WE CONCUR:

Trickey, J

Cox, J.