IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MAURICE H. BAKER, a single man, | ) | No. 33228-4-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| DAVID HAWKINS and CHRISTIE | ) | |
| HAWKINS, husband and wife and the | ) | |
| marital community comprised thereof, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, J. — We must determine whether service on a contractor,

who spent every day for one month working at the defendants' home, returning only to

his home at night to sleep, is service upon a person "then resident therein" for purposes of

former RCW 4.28.080(15) (2012) (now codified at RCW 4.28.080(16)). We hold that

because the contractor was not "actually living in" the defendants' home as required by

*Salts v. Estes*, 133 Wn.2d 160, 170, 943 P.2d 275 (1997), service was deficient under the

statute. We therefore affirm the trial court's order dismissing this action as barred by the

three-year statute of limitations.

FACTS

Maurice Baker alleges he was injured in a car accident caused by Christie Hawkins on December 16, 2010. Mr. Baker filed a summons and complaint initiating this action against Ms. Hawkins and her husband, David Hawkins, for personal injuries and damages on December 16, 2013. Under RCW 4.16.170, the statute of limitations is tolled for 90 days if one or both defendants are served within that period.

On January 11, 2014, a Saturday, Mr. Baker's process server served Gary Jellicoe with the summons and complaint at the Hawkinses' residence on Bainbridge Island, Washington. The return of service stated that service was made "by delivery to . . . Gary Jellicoe, Cohabitant, W-M, late 50's, a person of suitable age and discretion residing at the respondent's usual abode." Clerk's Papers (CP) at 21.

Mr. Jellicoe and his wife, Winoma Jellicoe, are general contractors who were hired by Mr. and Ms. Hawkins to perform work on their Bainbridge Island house. The Jellicoes completed the work in two phases. While Mr. and Ms. Hawkins were in Mexico on vacation for the month of January 2014, the Jellicoes worked on the second phase of the project. While the first phase focused on adding a second floor to the existing structure of the main house, the second phase focused on removing the carport and building a garage

2

in its place with a guest house on top and also building an addition to the south end of the house for an office.

While Mr. and Ms. Hawkins were gone in January 2014, the Jellicoes worked on the house full time, including weekends. The Jellicoes generally worked from 8:30 a.m. until 6:30 p.m. They spent every night at their own home and never slept in the Hawkinses' home. They had the code for the home's electronic door locking system and were able to let themselves in or out.

The Jellicoes kept construction tools in the house during the project. They also monitored the utilities to make sure that the water and power were working properly when they turned them off and on as part of the construction. They did not use any of the kitchen appliances during the second phase of the project in January 2014. Mr. Jellicoe did not use the bathrooms in the main house because there was a portable restroom on the job site. Ms. Jellicoe would occasionally use the restroom in the main house.

During January 2014, a number of packages were delivered to the Hawkinses' home containing items that Ms. Hawkins had ordered for the Jellicoes to use during the construction project, including a toilet, light fixtures, and a few plumbing items. If a package addressed to Mr. or Ms. Hawkins was left on the porch, Ms. Jellicoe would put the package inside the house. The Jellicoes never signed for any of the packages.

3

Mr. and Ms. Hawkins filed their answer to the complaint on February 24, 2014, and asserted lack of personal jurisdiction and lack of service. They filed a motion to dismiss on April 3, 2014, asserting the statute of limitations had run when Mr. Baker failed to perfect service on them personally within the applicable timeframe. Ms. Hawkins submitted a declaration to support the motion to dismiss, stating that Mr. Jellicoe is a contractor who was doing work on her home at the time he was served the summons and complaint, but that Mr. Jellicoe never resided in the home.

Mr. Baker responded to the motion to dismiss requesting that the court deny the motion because the statute of limitations was tolled when substitute personal service was perfected on Mr. Jellicoe. In support of his response to the motion to dismiss, Mr. Baker submitted a declaration of the process server, Donald DeMers, as well as a declaration that included excerpts from the depositions of Mr. and Ms. Jellicoe. Mr. and Ms. Hawkins filed a reply in support of their motion to dismiss. Complete transcripts of the depositions of Mr. and Ms. Jellicoe were attached as exhibits to the Hawkinses' reply.

In his declaration, Mr. DeMers stated he arrived at the Hawkinses' residence located at 10800 Broomgerrie Road, Bainbridge Island, Washington 98101 at 4:45 p.m. on the day in question. He knocked on the front door, and no one answered. He left the front door and was standing in the driveway next to his vehicle when a man and a woman

drove to the front of the home in a pickup truck. Mr. DeMers went to speak to the man when he got out of the truck, and the woman began unloading several bags of groceries from the truck. The man identified himself as Gary Jellicoe to Mr. DeMers and explained that he was not Mr. Hawkins, but that he and his wife were in the process of remodeling the home and were "living there" while the work was being performed. CP at 35. Mr. DeMers gave the summons and complaint to Mr. Jellicoe, and Mr. Jellicoe said he would deliver them to Mr. and Ms. Hawkins. Before Mr. DeMers left the premises, Mr. and Ms. Jellicoe walked to the front door, unlocked it, and began bringing the groceries into the home.

At their depositions, the Jellicoes testified that they were unloading packages related to the construction project when Mr. DeMers came to serve process. When Mr. DeMers approached the Jellicoes, he said he was looking for the Hawkinses' residence. Ms. Jellicoe replied that he was at the right place but that Mr. and Ms. Hawkins were not home. Mr. DeMers then handed the subpoena to Mr. Jellicoe. Mr. Jellicoe stated he told Mr. DeMers he would put the subpoena in the house and tell Mr. and Ms. Hawkins about it. Mr. and Ms. Jellicoe denied telling Mr. DeMers that they were staying at or living in the Hawkinses' residence.

The trial court granted the Hawkinses' motion and dismissed Mr. Baker's complaint with prejudice. The order was filed July 25, 2014. Mr. Baker appeals, contending that service on Mr. Jellicoe satisfied former RCW 4.28.080(15) for substitute service of process because the undisputed facts establish that the Jellicoes were "then resident therein" of the Hawkinses' home at the time of service to satisfy the statute.

## ANALYSIS

*Whether the trial court erred in dismissing Mr. Baker's complaint based on insufficient service of process*

*Standard of Review*

Under CR 12(c), if a trial court considers matters outside of the pleadings when reviewing a motion to dismiss, the court must treat the motion as one for summary judgment. We then review an appeal from an order in that context as we do an appeal from a summary judgment order. *Lowe v. Rowe*, 173 Wn. App. 253, 258, 294 P.3d 6 (2012). Summary judgment is proper only if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *U.S. Mission Corp. v. KIRO TV, Inc.*, 172 Wn. App. 767, 771-72, 292 P.3d 137, *review denied*, 177 Wn.2d 1014, 302 P.3d 181 (2013). In our review, we consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Id.* at 772.

6

*Disputed Facts*

Here, there are only two disputed facts. The first is whether the Jellicoes were bringing groceries or construction supplies into the house. For purposes of review, we will presume the bags contained groceries. The second is whether the Jellicoes told the process server that they were staying at the Hawkinses' residence. This statement is hearsay; it is therefore inadmissible and does not create an issue of fact. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 141, 331 P.3d 40 (2014).

*Substitute Service*

RCW 4.28.080 provides the ways in which a person may be served with a summons. Generally, personal service is required, but former RCW 4.28.080(15) permits substitute service if certain requirements are met. Substitute service requires (1) "leaving a copy of the summons at the house of [the defendant's] usual abode" (2) "with some person of suitable age and discretion" (3) "then resident therein." Former RCW 4.28.080(15). The only element at issue here is the third one. Specifically, the issue is whether Mr. Jellicoe was "then resident therein" under this statute when he received the summons and complaint for Mr. and Ms. Hawkins.

The Washington Supreme Court has addressed the "then resident therein" element in two recent cases. Mr. Baker relies on the first of these two cases, *Wichert v. Cardwell*,

117 Wn.2d 148, 152, 812 P.2d 858 (1991), where the court found sufficient substitute service. There, the defendant wife's adult child, who had her own apartment and infrequently stayed at the defendants' home, had stayed overnight at the defendants' residence the night before accepting service on their behalf. *Id.* at 150.

Mr. and Ms. Hawkins rely on *Salts* arguing that the facts here are more similar to the facts in *Salts* than *Wichert*. In *Salts*, the court held that service of process on a person unrelated to the defendant, who was temporarily in the defendant's home to feed dogs and take in mail, was insufficient for substitute service of process. *Salts*, 133 Wn.2d at 163-64, 170-71.

A review of these two cases displays tension and even incompatibility between them. The *Wichert* court applied a liberal test, noted that "resident" was an elastic term, and held that whether service was proper should depend upon the *Mullane* test, i.e., "whether [the] method [used] is such that a plaintiff 'desirous of actually informing the absentee might reasonably adopt to accomplish it.'" *Wichert*, 117 Wn.2d at 151 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). The *Salts* court eschewed a liberal test, took a definitional approach to the term "resident," and stated that "resident" meant more than "mere presence" and that "possession of the premises" was insufficient. *Salts*, 133 Wn.2d at 167, 169-70.

8

*Salts* determined that the term "resident" was unambiguous, and as such, required the court to "apply the language as the Legislature wrote it, rather than amend it by judicial construction." *Id.* at 170. The *Salts* court held that "for purposes of [former] RCW 4.28.080(15) that 'resident' must be given its ordinary meaning—a person is resident if the person is actually living in the particular home." *Id.*

Mr. Baker contends that *Wichert* and *Salts* should be reconciled by examining them in the context of due process. But, as recognized by the *Salts* dissent, *Salts* repudiates the expansive approach embraced in *Wichert*. *Id.* at 173 (Alexander, J., dissenting). Therefore, we determine that the facts of this case must be analyzed under the *Salts* "actually living in" rule.

Here, Mr. Jellicoe and his wife spent the entire month of January 2014 working at the Hawkinses' home on Bainbridge Island. The Hawkinses gave Mr. Jellicoe and his wife their access code. Mr. Jellicoe and his wife were actually in possession of the home during the entire month. Mr. Jellicoe was the one person in Washington State during the month of January 2014 most likely to give notice of the lawsuit to the Hawkinses. The Jellicoes nevertheless returned to their own home each evening, slept, and departed therefrom each morning. Mr. Jellicoe was therefore not "actually living in" the Hawkinses' home. For this reason, we must conclude that service of process on Mr.

9

No. 33228-4-III
*Baker v. Hawkins*

Jellicoe was inadequate under former RCW 4.28.080(15), and the trial court properly

dismissed this action.

Affirm.

Lawrence-Berrey, J.

WE CONCUR:

Brown, A.C.J.

Korsmo, J.