IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THOMAS EDWARD ELMER SMITH, | ) | |
| | ) | No. 41311-0-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Thomas Smith filed a petition for declaratory judgment, seeking an order declaring any judgments against him void and enjoining the State of Washington from filing any future lawsuits against him, among other remedies. The trial court dismissed Mr. Smith's petition with prejudice following the State's motion for a judgment on the pleadings.

Mr. Smith appeals. We affirm.

BACKGROUND

On November 18, 2024, Mr. Smith filed a "Petition for Declaratory Judgment and Injunctive Relief" in the Spokane County Superior Court, requesting an order "declaring void any previously issued judgments against him[,] enjoining the State from filing or

pursuing charges against him," and declaring him "sovereign." Clerk's Papers (CP) at 1, 10 (some capitalization omitted).

In the petition, Mr. Smith challenged previous court proceedings as well as pending matters. The challenged proceedings involved: (1) an order issuing a writ of restitution in the Spokane County Superior Court, (2) judgments for traffic offenses entered in the Spokane County District Court, and (3) pending criminal charges in the Spokane County District Court.

In his petition, Mr. Smith asserted that the term "person" as used in the RCWs refers exclusively to legal entities and that "[t]his definition is consistently reflected across all references to 'person' within the RCW." CP at 2. Mr. Smith argued he was not acting in the capacity of a "natural person" that could be sued, and there was no evidence that he was a "resident" as defined by the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. CP at 2-3.

In regard to the writ of restitution, Mr. Smith asserted "sovereign immunity" and claimed he "cannot be sued in this Superior Court venue without prior consent or evidence of actively exercising state-granted privileges." CP at 4. Concerning the district court matters, Mr. Smith claimed the record contained no "admissible evidence" that proved he was a "person," recited the same sovereign immunity arguments, and claimed there was no evidence he "consented to be sued or was exercising a State granted privilege at the time of the alleged violations." CP at 8.

2

The State filed a motion for judgment on the pleadings under CR 12(c). Mr.

Smith responded to the State's motion and moved for the imposition of sanctions against

the State. After a hearing on the motions, the court dismissed Mr. Smith's petition

with prejudice and denied his motion for sanctions. Mr. Smith filed a motion for

reconsideration that was also denied.

Mr. Smith timely appeals.

ANALYSIS

Mr. Smith contends the trial court erred in dismissing his petition for declaratory

judgment and injunctive relief. We disagree.

CR 12(c) provides, "After the pleadings are closed but within such time as not to

delay the trial, any party may move for judgment on the pleadings." We review a trial

court's decision granting a party's motion on the pleadings de novo. *Lowe v. Rowe*, 173

Wn. App. 253, 258, 294 P.3d 6 (2012). "We treat a CR 12(c) motion for judgment on the

pleadings identically to a CR 12(b)(6) motion to dismiss for failure to state a claim."

*P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012).

"Dismissal is warranted only if the court concludes, beyond a reasonable doubt,

the plaintiff cannot prove 'any set of facts which would justify recovery.'" *Kinney v.

Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (quoting *Tenore v. AT&T Wireless

Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)). "All of the facts alleged in the

complaint are taken as true," and this court "may consider hypothetical facts supporting

3

the plaintiff's claim." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014). A complaint survives a CR 12(b)(6) or CR 12(c) motion to dismiss if there is any set of facts that would justify recovery. *Hoffer v. State*, 110 Wn.2d 415, 421, 755 P.2d 781 (1988). However, dismissal is appropriate if the plaintiff's claims remain legally insufficient, even under their proffered hypothetical facts. *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005).

Mr. Smith argues the trial court erred in dismissing his petition because (1) both the superior court and district court lacked jurisdiction over the claims involving him, (2) the court ignored principles of statutory construction in dismissing his petition, (3) the dismissal with prejudice violated his procedural and substantive rights, and (4) a liberal application of the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW, precluded the dismissal of his petition. The State responds that Mr. Smith's arguments have no legal basis, violate canons of statutory construction, do not fall under the UDJA, and are nonjusticiable. We largely agree with the State.

Mr. Smith claims to be a "private" person who would have to give his consent to be governed by the State because the relevant statutes are applicable only to persons acting in a public capacity. CP at 5, 9. Mr. Smith claims the State "fails to recognize the critical and well-established distinction between the private people . . . and the public statutory persons governed by the laws." Amend. Br. of Appellant at 8. Mr. Smith claims he is not advancing "sovereign citizen" arguments and asserts the State

mischaracterizes his position in its responsive brief. Appellant's Amend. Reply Br. at 9-10. Regardless of how Mr. Smith frames his contentions, we find his arguments unavailing.

JURISDICTION

We first address Mr. Smith's jurisdictional challenges. Mr. Smith contends the State failed to establish that the RLTA applies to him because the term "person" in chapter 59.18 RCW refers to persons in their commercial capacity, not their private capacity. Mr. Smith also claims he is not subject to the RLTA because he is not a "person" or "resident of Spokane County" as required by the statute. CP at 2. Mr. Smith presents similar arguments related to his traffic violations.

"Person" is defined in the "General Provisions" Title of the RCWs to include "the United States, this state, or any state or territory, or any public or private corporation or limited liability company, *as well as an individual*." RCW 1.16.080(1) (some capitalization omitted) (emphasis added). The RLTA defines "person" as "an individual, group of individuals, corporation, government, or governmental agency, business trust, estate, trust, partnership, or association, two or more persons having a joint or common interest, or any other legal or commercial entity." RCW 59.18.030(21). In regard to the motor vehicle statutes, RCW 46.04.405 states a "'[p]erson' includes every natural person, firm, copartnership, corporation, association, or organization." A "[n]atural person" is defined as "a human being." RCW 46.04.356. Absent from these definitions

is a distinction between a *commercial* or *public* person and a *private* person, individual, or natural person.

Mr. Smith argues the statutes were intended to apply to individuals only in their "commercial" capacity. However, he fails to present any facts showing he is not a "person" or "individual" for purposes of the challenged statutes. Consequently, he has not set forth any facts that would support his claim that the courts lacked jurisdiction over the cases involving him. Moreover, Mr. Smith's challenges are legally insufficient because there is no authority to support his contention that the statutes apply only to people in their commercial capacity or that there needs to be "consent or evidence of actively exercising state-granted privileges" for one to be subject to these laws. CP at 4.

STATUTORY CONSTRUCTION

Mr. Smith argues the court ignored principles of statutory construction in dismissing his petition. He relies on what he contends is proper statutory interpretation. However, Mr. Smith ignores the common principles of statutory interpretation. "When engaging in statutory interpretation, we endeavor to determine and give effect to the legislature's intent." *Freedom Found. v. Bethel Sch. Dist.*, 14 Wn. App. 2d 75, 80, 469 P.3d 364 (2020). To determine the legislative intent, we first look to the plain language of the statute and the ordinary meaning. *Id.* The statutory definitions are controlling and, where there is no statutory definition, we look to the plain and ordinary meaning of the word as provided in the dictionary. *Id.* at 80-81.

Here, an "individual" is included in the definition of "person" in the RLTA and in the general provisions of the RCWs. Moreover, the definition of "person" in Title 46 RCW includes "every natural person." RCW 46.04.405. The plain and ordinary meaning of these terms is clear on its face and requires no further interpretation. Since Mr. Smith does not deny being an "individual" or a "person" and points to no authority that interprets these statutes to apply only to "public" persons, we reject his argument that the courts lacked jurisdiction over the challenged proceedings.

PROCEDURAL AND SUBSTANTIVE RIGHTS

We next turn to Mr. Smith's arguments that the order of dismissal with prejudice violated his procedural and substantive rights. Specifically, Mr. Smith claims the court erred in dismissing his petition without granting him leave to amend the petition and failed to provide him sufficient time to present a meaningful oral argument.

Mr. Smith cites *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109 (9th Cir. 2018), in support of his argument that the trial court erred in dismissing his petition without granting him leave to amend the petition. Unlike the facts in *Hicks*, the record before us does not show that Mr. Smith requested leave to amend his petition.[1] Further, Mr. Smith's briefing is void of any authority requiring a trial court to offer leave to amend a petition sua sponte.

---

[1] Mr. Smith asserts similar arguments in his "Notice to the Court and Reply to the State's Reply Suppl[e]mental" and in his motion for reconsideration of the court's order dismissing his petition. CP at 63-69. However, there is nothing in the record that shows Mr. Smith filed a motion for leave to amend his petition.

7

Passing treatment of an issue or lack of reasoned argument is insufficient to merit this court's consideration. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). Further, "[w]here a party fails to provide citation to support a legal argument, we assume counsel, like the court, has found none." *21st Mortg. Corp. v. Nicholls*, 25 Wn. App. 2d 795, 806, 525 P.3d 962 (2023). The court did not err in dismissing Mr. Smith's petition without first considering whether leave should be granted to amend the petition.

Mr. Smith next claims he was not afforded a meaningful opportunity to be heard because he was allotted only 10 minutes of oral argument to respond to the State's motion to dismiss. As a preliminary matter, the record does not reveal how much time each party was allotted for oral argument. Appellate review requires a sufficient record under RAP 9.2(b). The appellant bears the burden of perfecting the record so that this court has before it all of the evidence relevant to the issue. *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998). This court is not "required to search the record for applicable portions thereof in support of [a party's] arguments." *Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d 646 (1966). An insufficient record precludes review of alleged errors. *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). Because Mr. Smith has not provided us with a record sufficient to determine how much time he was allotted for oral argument, we decline review of this issue.

APPLICATION OF THE UNIFORM DECLARATORY JUDGMENT ACT

Lastly, Mr. Smith argues that a liberal application of the UDJA precluded the dismissal of his petition. The State responds that Mr. Smith's request that it be enjoined from taking further action against him is nonjusticiable under the UDJA.[2] We agree with the State.

The UDJA states that courts "shall have the power to declare rights, status and other legal relations whether or not further relief is or could be claimed." RCW 7.24.010. The UDJA provides:

> A person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

RCW 7.24.020. The UDJA requires that the controversy presented be justiciable. *Alim v. City of Seattle*, 14 Wn. App. 2d 838, 847, 474 P.3d 589 (2020). A justiciable controversy under the UDJA is:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial,

---

[2] The State also contends that Mr. Smith's arguments related to past and pending controversies are nonjusticiable because "he seeks advisory opinions based on speculative and abstract questions." Br. of Resp't at 16. Because we disposed of Mr. Smith's claims related to the prior orders and pending prosecutions, we decline further analysis on those matters.

  rather than potential, theoretical, abstract or academic, and (4) a judicial
  determination of which will be final and conclusive."

*To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001) (quoting

*Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)).

Within these requirements are the principles of "standing, mootness, and ripeness." *Id.*

  In his petition, Mr. Smith requests the State be enjoined from bringing future

lawsuits against him. Such a request inherently requires the court to render a decision

based on abstract and theoretical arguments. Moreover, Mr. Smith presents hypothetical

future disputes rather than an actual controversy. Mr. Smith lacks standing under the

UDJA because he seeks an advisory opinion and has failed to establish a direct and

substantial right.

  Affirmed.

  A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, C.J.

_____
Lawrence-Berrey, J.

10