[No. 56243-6-I.    Division One.    March 13, 2006.]

JARED LITTLE, *Appellant*, v. COUNTRYWOOD HOMES, INC.,
*Respondent*.

*Harry B. Platis* (of *The Platis Law Firm*), for appellant.

*Ann C. McCormick* (of *Forsberg & Umlauf, P.S.*), for respondent.

*Pamela M. Andrews*, amicus curiae.

¶1 PER CURIAM — Jared Little was injured while installing gutters on a house for Countrywood Homes, Inc. He appeals a summary judgment order dismissing his claims against Countrywood. Little, however, has no memory of the accident and no one else witnessed it. Because he could offer only a theory as to the cause of his injuries, he could not establish proximate cause and could not withstand summary judgment. We affirm.

¶2 Jared Little and his brother, Kenny, worked for a subcontractor hired by Countrywood, a general contractor for a new housing development. On May 17, 2001, Jared and Kenny were finishing work on a house in the development. Kenny was organizing equipment and packing it into their truck when he heard Jared call him. Kenny could not see Jared, but when he went to investigate, he found Jared on the ground trying to stand up. Jared's ladder was on the ground. Jared seemed disoriented and did not know what had happened. His brain, knee, and pelvis were injured.

¶3 Jared Little sued Countrywood, alleging he was injured as a result of the company's negligence. Countrywood moved for summary judgment, arguing that Little could not prove breach of a duty and/or proximate cause because neither Little nor anyone else knew how he was injured. The trial court granted the motion. Little moved for reconsideration, but that motion was denied. This appeal followed.

### SUMMARY JUDGMENT WAS PROPER BECAUSE LITTLE FAILED TO MAKE A SHOWING SUFFICIENT TO ESTABLISH AN ESSENTIAL ELEMENT OF HIS CASE

¶4 Little argues that the trial court erred when it granted Countrywood's motion for summary judgment. He contends that Countrywood admitted it breached its duties and there were genuine issues of material fact on the issue of proximate cause. We disagree.

¶5 An appellate court reviewing a grant of summary judgment engages in the same inquiry as the trial court. *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996). A summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Degel*, 129 Wn.2d at 48. The facts and all reasonable inferences from those facts must be considered in the light most favorable to the nonmoving party. *Degel*, 129 Wn.2d at 48.

¶6 The moving party bears the initial burden of showing the absence of an issue of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party meets this initial showing and is a defendant, the burden shifts to the plaintiff. *Id.* At that point, if the plaintiff fails to make a showing sufficient to establish an essential element of his case, the trial court

should grant the summary judgment motion because there can be no genuine issue of material fact in that situation; a complete failure of proof concerning an essential element of the plaintiff's case renders all other facts immaterial. *Id.* The nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain. *Marshall v. Bally's Pacwest, Inc.*, 94 Wn. App. 372, 377, 972 P.2d 475 (1999).

¶7 To succeed on a negligence claim, the plaintiff must prove: (1) the existence of a legal duty, (2) breach of that duty, (3) an injury resulting from the breach, and (4) proximate cause. *Degel*, 129 Wn.2d at 48. The determination of whether a duty exists is a question of law. *Id.* Either statutory provisions or common law principles may be the basis for a duty. *Id.* at 49.

¶8 Proximate causation requires both cause in fact and legal causation. *Ang v. Martin*, 154 Wn.2d 477, 482, 114 P.3d 637 (2005). "Cause in fact" refers to a physical connection between an act and the injury. *Id.* The claimant must establish that the harm he suffered would not have occurred but for an act or omission of the defendant. *Joyce v. Dep't of Corr.*, 155 Wn.2d 306, 322, 119 P.3d 825 (2005). Legal causation is a determination that the cause in fact of the plaintiff's harm should be deemed the legal cause of that harm. *Ang*, 154 Wn.2d at 482. Cause in fact usually is a question for the jury. *Joyce*, 155 Wn.2d at 322. But factual causation may become a question of law for the court if the facts, and inferences from them, are plain and not subject to reasonable doubt or a difference of opinion. *Daugert v. Pappas*, 104 Wn.2d 254, 257, 704 P.2d 600 (1985). Legal causation presents a question of law. *Ang*, 154 Wn.2d at 482.

¶9 Little argues that Countrywood breached its duty under RCW 49.17.060(2) to comply with sections (2)(f) and (2)(v) of former WAC 296-155-480 (1997). Section (2)(f) provided that ladders should be used "only on stable and level surfaces unless secured to prevent accidental displacement." Former WAC 296-155-480(2)(f). Section (2)(v) stated

that "[w]hen working from a ladder, the ladder [should] be secured at both top and bottom." Former WAC 296-155-480(2)(v).

¶10 Little contends that Countrywood was aware of, but did not enforce, these regulations. Countrywood's assistant job superintendent, Tim Maloney, stated in a sworn declaration that in his 27 years working in residential construction, he had never seen a gutter installer tie off the top of an extension ladder while installing pieces of gutter, as Little argues was required. Maloney was present at the development when Little was injured but did not see what happened. He went to the house where the Littles had been working when he heard the emergency vehicles but does not recall the ground being unusually wet or muddy where the ladder was lying. Maloney described the ground as being "finish grade," meaning "the ground had been compacted and was solid with compaction with a layer of top soil."

¶11 Little's expert concluded that Countrywood violated numerous safety violations, including former WAC 296-155-480(2)(f) and (v). But even if we assume that the evidence before the trial court, when viewed in the light most favorable to Little, is sufficient to support an inference that Countrywood breached a duty it owed him, he has not presented evidence sufficient to prove that Countrywood's breach was what caused his injuries. To meet his burden, Little needed to present proof sufficient to allow a reasonable person to conclude that the harm more probably than not happened in such a way that the moving party should be held liable. *Gardner v. Seymour*, 27 Wn.2d 802, 808-09, 180 P.2d 564 (1947). The party who has the burden of production need not provide proof to an absolute certainty, but reasonable inferences cannot be based upon conjecture. *Id.* at 808.

¶12 The mere fact that Little sustained an injury does not entitle him to put Countrywood to the expense of trial. *Marshall*, 94 Wn. App. at 377 (an accident does not necessarily lead to an inference of negligence). He needed to

submit evidence allowing a reasonable person to infer, without speculating, that Countrywood's negligence more probably than not caused the accident. *Id.* at 378.

¶13 Little contends he established more probably than not that Countrywood's negligence was "a 'substantial contributing cause' " of his accident and resulting injuries. We disagree. One may speculate that the ladder was not properly secured at the top or that the ground was unstable. But even assuming that those conditions constituted breaches of a duty that Countrywood owed Little, he did not provide evidence showing more probably than not that one of those breaches caused his injuries. No one, including Little, knows how he was injured.

¶14 Little's case is analogous to the situation in *Marshall*. Kim Marshall was injured while exercising on a treadmill at her health club. She sued the club, the treadmill manufacturer, and the company that installed and maintained the treadmill. Marshall asserted in her complaint and answers to interrogatories that the treadmill stopped abruptly while she was on it. She claimed it restarted at 6.2 miles per hour rather than at 2.5 miles per hour as was usual. She contended that she was thrown from the treadmill and was injured when her head struck a Plexiglas wall behind the machine.

¶15 But Marshall testified at her deposition that she did not recall (1) how abruptly the treadmill reached full speed after it restarted, (2) being thrown from the treadmill, or (3) hitting the Plexiglas. The last thing she recalled was resetting the machine after it stopped. Marshall conceded that her boyfriend may have answered the interrogatories.

¶16 Because Marshall had no memory of the accident, she could offer only a theory as to the cause of her injuries. Without evidence to explain how the accident occurred, she could not establish proximate cause and could not withstand summary judgment. *Marshall*, 94 Wn. App. at 379-80.

¶17 Little argues that the plaintiff in *Marshall* was unable to withstand summary judgment because she failed

to establish the breach of a duty and, therefore, *Marshall* is distinguishable. But Little misreads *Marshall*. The appellate court clearly held that summary judgment was proper because Marshall could not establish proximate cause. Likewise, Little failed to present evidence to establish proximate cause.

¶18 Little further argues that ER 406[1] applies and allows his habit or routine to show that more probably than not he was working from a ladder when he sustained his injuries. ER 406 provides that "[e]vidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Little, however, needed to provide more than evidence that he was working on a ladder, which was required to be secured at the top and placed on stable ground. He needed to establish proof that Countrywood's negligence caused his injuries.

¶19 Finally, Little contends that his case is like *Stute v. P.B.M.C., Inc.*, 114 Wn.2d 454, 788 P.2d 545 (1990). Andre Stute, an employee of a subcontractor, was injured while installing gutters at a condominium complex. He slipped and fell three stories off a roof that was slippery from recent rain. There was no scaffolding or other safety equipment to break his fall, as the Washington Industrial Safety and Health Act of 1973 (WISHA), chapter 49.17 RCW, regulations required.

¶20 *Stute* is distinguishable because the cause of the accident in that case was known. Stute slipped. The only issue was whether the general contractor owed the employee of a subcontractor a duty to comply with specific regulations promulgated under WISHA. The court held that the general contractor owed Stute such a duty. *Stute* did not hold that a general contractor is liable for injuries to the employee of a subcontractor regardless whether the

[1] We assume Little means ER 406, although he cites ER 408 in his brief. ER 408 addresses the admissibility of compromise or offers to compromise.

general contractor's failure to comply with safety regulations caused the accident.

¶21 Without evidence to explain how his accident occurred, Little could not establish proximate cause and could not withstand summary judgment. The decision of the trial court is affirmed.

Review denied at 158 Wn.2d 1017 (2006).