# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SEAN PERRYMAN, individually, | ) | No. 72916-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BELLEVUE COLLEGE, an agency/ division of the STATE OF WASHINGTON, | ) | |
| Respondent. | ) | FILED: February 1, 2016 |

TRICKEY, J. — Once a defendant meets its initial burden on a motion for summary judgment, the plaintiff must make a showing sufficient to establish each element of its claim. Here, a college student brought a negligence claim against his school for injuries sustained during a self-defense class. Because that student failed to produce any evidence of proximate cause, the trial court did not err in dismissing his claim. But the trial court did err when it awarded the defendant attorney fees without making required findings. Therefore, we affirm the dismissal of the claim, but remand to the trial court to enter findings of fact and conclusions of law.

## FACTS

In the spring of 2012, Sean Perryman enrolled in a self-defense course at Bellevue College (College). He attended the class twice a week for about two months, engaging in ground exercises and drills. Perryman often paired with a very experienced student. On May 29 and 30, 2012, Perryman participated in one-on-one exercises with that experienced student. On both days, the student's knee struck Perryman in the head. Perryman did not lose consciousness or "see stars"

either time.[1] He did not mention that he was injured to the other student or instructor at that time.

Later, Perryman began experiencing dizziness, memory problems, and irritability. His doctor diagnosed him with a concussion. Due to the concussion, Perryman was unable to finish his classes that quarter.

Perryman sued the College for negligence. The case proceeded to arbitration. The arbitrator found for the College. Perryman requested a trial de novo after the arbitration. The College moved for summary judgment, which the trial court initially denied. Then, the College moved for reconsideration. The trial court granted both the motion for reconsideration and the motion for summary judgment and dismissed Perryman's claim.

Thereafter, the College moved to unseal the arbitration award and for an award of attorney fees. The trial court granted both motions and entered an award of attorney fees in the amount of $32,692.50.

Perryman appeals.

ANALYSIS

Summary Judgment

Perryman contends that it was error for the court to grant the College's motion for summary judgment on his negligence claim. Specifically, he argues that there are genuine issues of material fact as to whether he can establish negligence. We disagree.

---

[1] Clerk's Papers (CP) at 189-90.

Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The moving party has an initial burden to show "the absence of an issue of material fact." Young v. Key Pharm., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party is the defendant, and it meets its burden, the inquiry shifts to the plaintiff. Young, 112 Wn.2d at 225. The plaintiff must "'make a showing sufficient to establish the existence'" of all elements essential to its claim. Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the plaintiff cannot make such a showing, summary judgment is appropriate. Young, 112 Wn.2d at 225.

"The nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain." Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944 (2006). Similarly, unsupported conclusory statements alone "are insufficient to prove the existence or nonexistence of issues of fact." Hash v. Children's Orthopedic Hosp., 49 Wn. App. 130, 133, 741 P.2d 584 (1987).

We review motions for summary judgment de novo, and engage in the same inquiry as the trial court. Nivens v. 7-11 Hoagy's Corner, 133 Wn.2d 192, 197-98, 943 P.2d 286 (1997). We consider "facts and all reasonable inferences therefrom . . . in the light most favorable to the nonmoving party," and grant summary judgment "only if, from all the evidence, reasonable persons could reach but one conclusion." Scott v. Pac. W. Mountain Resort, 119 Wn.2d 484, 502, 834 P.2d 6 (1992). "We will infer a consequence from an established circumstance," not

"when no more than a possibility is shown." Parmelee v. Chicago, M. & St. P. Ry. Co., 92 Wash. 185, 194, 158 P. 977 (1916), aff'd sub nom., Parmelee v. Chicago, M & St P R Co, 246 U.S. 658, 38 S. Ct. 425, 62 L. Ed. 926 (1918).

To prevail on a claim of negligence, the plaintiff must establish the existence of a duty, the defendant's breach of that duty, the plaintiff's resulting injury, and proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996). The plaintiff also needs to "present proof sufficient to allow a reasonable person to conclude that the harm, more probably than not[,] happened in such a way that the [defendant] should be held liable." Little, 132 Wn. App. at 781.

Proximate cause requires both "cause in fact and legal causation." Little, 132 Wn. App. at 780. To show cause in fact, the "claimant must establish that the harm he suffered would not have occurred *but for* an act or omission of the defendant." Little, 132 Wn. App. at 780 (emphasis added).

Here, the trial court properly granted summary judgment in favor of the College, because Perryman failed to establish cause in fact. Perryman argues that the College, through the instructor, breached its duty to him by failing to provide him with protective gear, by not properly training him on how to avoid injuries, by not choreographing the exercises or establishing clear parameters for the exercises, and by not having the instructor present at all times while the students were engaging in the exercises. But Perryman fails to show that any of these alleged breaches was the proximate cause of his injury.

There is evidence that the blows to Perryman's head from another student's

knee caused Perryman's concussion. To survive summary judgment, Perryman needs to show that, but for one of the alleged breaches by the College, he would not have suffered a concussion. He fails to do so. Perryman points to the declaration of self-defense expert Bill Kipp, which states, "[The instructor's] failure to set up these drills correctly combined with his failure to supervise the drills caused Sean Perryman to be injured by another student while performing the drills."[2] But this assertion is merely speculative and is too conclusory to show the existence of a material fact.

There is no other evidence in the record to support a reasonable inference that Perryman would not have sustained a concussion absent the College's alleged negligence. There is nothing in the record to support an inference that protective gear would have prevented the concussion, or that had the instructor set up the exercises differently, there would have been no inadvertent contact between Perryman and the other student.

Perryman's claim of negligence fails because he did not establish proximate cause. Accordingly, we need not address the other elements of his claim. We also need not address the College's argument that Perryman assumed the risk of his injury.

### Attorney Fees at Trial

Perryman contends that the trial court abused its discretion when it awarded attorney fees to the College without articulating its reasons. We agree.

"An appeal from a decision on the merits of a case brings up for review an

---

[2] CP at 237.

5

award of attorney fees entered after the appellate court accepts review of the decision on the merits." RAP 2.4(g). Perryman appealed the order on the merits of his claim and assigned error to the award of fees. Therefore, it is proper for this court to consider the trial court's award of attorney fees.

After parties undergo mandatory arbitration, a party may attempt to improve its position by seeking a trial de novo. RCW 7.06.050(1)(a). If that party fails to improve its position, the other side is entitled to "costs and reasonable attorney fees." MAR 7.3; RCW 7.06.060(1).

"Fee decisions are entrusted to the discretion of the trial court" but that discretion must be "exercised on articulable grounds." Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). The court "must take an *active* role in assessing the reasonableness of fee awards," and should not "simply accept unquestioningly fee affidavits from counsel." Mahler, 135 Wn.2d at 434-35. It must enter findings of fact and conclusions of law to support the award. Mahler, 135 Wn.2d at 435.

Here, the trial court properly concluded that the College was entitled to attorney fees because Perryman sought a trial de novo after arbitration and failed to improve his position. The College sought $32,692.50 in attorney fees. The trial court awarded the College $32,692.50 in attorney fees, without any determination on the record that the fees were reasonable.

The trial court appears to have unquestionably accepted the fee affidavits from the College's counsel. It did not make the necessary findings of fact and conclusions of law to support its award. We remand the fee award to the trial court for the entry of proper findings of fact and conclusions of law consistent with

<u>Mahler</u>.

The College claims that Perryman cannot raise this issue on appeal because he did not challenge the award below. Perryman had no opportunity to object to the lack of the trial court's entry of proper findings before this appeal. Therefore, it is proper for him to raise this issue now.

## Attorney Fees on Appeal

The College requests attorney fees and costs on appeal. We grant this request.

"A party entitled to attorney fees under MAR 7.3 at the trial court level is also entitled to attorney fees on appeal if the appealing party again fails to improve its position." <u>Yoon v. Keeling</u>, 91 Wn. App. 302, 306, 956 P.2d 1116 (1998). As discussed earlier, the College was entitled to attorney fees at the trial court under MAR 7.3. Because Perryman has not improved his position on this appeal, this rule also supports an award of attorney fees on appeal.

We affirm the summary judgment order, but we remand to the trial court to enter findings of fact and conclusions of law to support its award of attorney fees.

Trickey, J

WE CONCUR: