**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

ERIC LONG,

                Appellant,

        v.

SCOTT ALAN CAPESTANY, JANE
DOE CAPESTANY, and their marital
community; SECURITY SERVICES
NORTHWEST INC.; AND BEST BUY
CO. INC.,

                Respondents.

No. 82742-1-I

DIVISION ONE

UNPUBLISHED OPINION

ANDRUS, C.J. — Eric Long appeals the summary judgment dismissal of his claims for defamation and property damage against Scott Capestany and his employer, Security Services Northwest, Inc. (hereafter referred to collectively as Capestany), and the award of attorney fees, costs, and statutory damages awarded to Capestany under RCW 4.24.510. Long also seeks to amend his notice of appeal to challenge orders he did not identify in his notice, including a summary judgment order dismissing his claims against Best Buy Co., Inc. We deny Long's motion to amend as untimely and affirm.

FACTS

This case arises from an incident that took place in the parking lot of the Best Buy store in Bellevue on December 22, 2019. Scott Capestany, a security guard for Security Services Northwest Inc., was directing customers to open parking spots. According to his complaint, Long drove his truck into the lower level of the parking garage and looked for a space close to the store entrance. When he could not maneuver his truck into his selected parking space, he exited the garage and returned to try a second time. At that point, Capestany directed him to park on the upper level where there was more room. Long refused, telling Capestany his truck was not too big to fit on the ground floor. Long alleged that Capestany responded by punching his driver side front door with his knuckle and ordering Long to move. Long drove past Capestany, parked his truck, and entered the store. Long alleges that when he returned to his truck about 20 minutes later, he noticed a "punch ding" on the door which he attributed to Capestany. As Long drove out of the parking garage, Long alleged that he and Capestany had "heated verbal exchanges."

Shortly afterwards, a Bellevue Police Department officer contacted Long and informed him that Capestany had filed a police report about the parking garage incident. Capestany reported that Long "roared in[to]" the garage at "reckless, endangering speeds" and exited the garage while "shouting obscenities and violent, life-threatening threats towards me, nearly running over pedestrians, driving at erratic speeds, [and] threatening that he would come back and kill me or kill us[.]" Capestany also told the police that he had to move out of the way to

2

avoid being hit by Long's truck and felt that his life was in imminent danger. Capestany wanted to press charges against Long for attempted vehicular assault. He also told the police that he knew of no video footage of the incident, because the cameras had been turned off the day before and not reset.

The police officer then contacted Best Buy manager Jessica Helf, who asked the police to "trespass" Long from the property. The officer prepared a notice of trespass, which stated that Best Buy deemed Long's conduct on its premises to be unacceptable and revoked permission for him to enter for one year. The reason provided was "Mr. Long was verbally aggressive to store security. Mr. Long also drove aggressively in a crowd[ed] parking lot full of pedestrians."

When the Bellevue police officer contacted Long, he told the police that Capestany "was bossing him around and he cannot do that." Long claimed Capestany hit his truck but said nothing about damage. He denied hitting anyone with his truck. The officer informed Long that he was not allowed on Best Buy premises for one year. Long objected, saying "they cannot do that." When the officer explained that he would be arrested if he returned, Long said "I am going to return and be arrested."

An investigating officer contacted Best Buy manager Bryan Hooten and asked to review any video footage it may have of the incident. Hooten showed the officer video footage from an exterior camera facing the parking lot. From approximately 9:45 am to 11:10 am, the video did not show vehicles entering or exiting the parking garage because, as Hooten explained, the camera angle was facing the sidewalk that day due to a power outage the previous night. At around

3

11:10 am, Best Buy readjusted the camera angle and the video showed Long's truck exiting the parking garage. On the video, Capestany can be seen approaching the truck and appeared to be speaking to the driver. The truck then drove outside the camera view, and Capestany followed. Some of Capestany's body was visible and he appeared to be talking to someone.

On February 24, 2020, Long filed a complaint against Scott Capestany, his employer, and Best Buy, alleging "slander/defamation" and "property damage." The defamation claim was based on Capestany's statements to the Bellevue police and the property damage claim was based on Long's allegation that Capestany had punched a dent into the driver side door of his truck.

At some point in 2020, the City of Bellevue filed a misdemeanor charge against Long in Bellevue District Court. In December 2020, the court dismissed the charge without prejudice at the request of the city prosecuting attorney.

Shortly before the criminal charge was dismissed, Long retained counsel and moved to amend his complaint to add claims of negligence, a violation of RCW 49.60.060, and outrage. The trial court denied Long's motion to amend and granted Capestany's motion to seal the police report filed in response to Long's motion. When Capestany and Best Buy moved for summary judgment, they referred to this sealed police report. Long, however, submitted it to the court in his responsive pleadings without asking that it be sealed. That document is now a matter of public record.

Capestany moved for summary judgment, arguing that Long could not establish defamation as a matter of law because he did not publish any statements

and his statements to police were privileged under RCW 4.24.510, and Long had no evidence that Capestany caused the alleged damage to his truck. Best Buy similarly sought a dismissal of Long's claims, contending that it made no defamatory statements, any statements it made were privileged under RCW 4.24.510, and it could not be vicariously liable for statements Capestany may have made to the police. The trial court granted these motions. The court subsequently granted their requests for an award of attorney fees, costs, and statutory damages under RCW 4.24.510 and entered judgment against Long. Long appeals.

## ANALYSIS

### Scope of Review

The parties first dispute the appropriate scope of our review. Long's notice of appeal designated only three orders for our review: (1) the order granting Capestany's motion for summary judgment, (2) the order granting Capestany's motion for attorney fees, and (3) the judgment in favor of Capestany. Long did not timely appeal the order denying his motion to amend his complaint, the order sealing the police report, or any order relating to the dismissal of his claims against, or the award of attorney fees to, Best Buy.

In his opening brief, however, Long assigned error to these orders. On May 18, 2022—almost a year after filing his original notice of appeal—Long moved to amend his notice of appeal to include the undesignated orders. A commissioner of this court referred the motion to the court.

"The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." *Clark*

*County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a); RAP 10.3(g); RAP 12.1). We interpret the rules liberally to promote justice and facilitate the decision of cases on the merits. RAP 1.2(a); *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995). A self-represented litigant, however, must follow the same rules of procedure and substantive law as a licensed attorney. *Holder v. City of Vancouver*, 136 Wn. App. 104, 106, 147 P.3d 641 (2006).

As Capestany and Best Buy point out, the orders Long omitted from this notice of appeal are outside the scope of Long's appeal. See RAP 5.3(a) (the party must designate in its notice of appeal the decision that it wants this court to review).

Long first relies on RAP 2.4(b), which provides that we "will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." An order prejudicially affects the decision designated where the order "would not have happened but for" the undesignated order. *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 378-80, 46 P.3d 789 (2002). Because Long does not establish that the omitted orders affect review of the orders designated in the notice, we conclude review is not warranted under RAP 2.4(b).[1]

---

[1] As to Long's challenge to the order granting the motion to seal, we additionally note that the issue is rendered moot by the fact that Long publicly filed the police report in support of his summary judgment response.

Long next argues that this court should review the undesignated orders pursuant to RAP 5.3(h), which provides that, "[i]n order to do justice, the appellate court may . . . permit an amendment of a notice to include (i) additional parts of a trial court decision or (ii) subsequent acts of the trial court that relate to the act designated in the original notice of discretionary review." Long also notes that RAP 5.3(f) permits appellate courts to "disregard defects in the form of a notice of appeal or a notice for discretionary review if the notice clearly reflects an intent by a party to seek review." But nothing in Long's notice of appeal reflects an intent to seek review of the undesignated orders. Justice does not require allowing Long to designate new orders nearly a year after they were entered. We thus deny Long's motion and decline to review the undesignated orders.

Long also raises numerous legal arguments and theories of liability on appeal that he did not raise before the trial court. Under RAP 2.5(a), we will not consider arguments raised for the first time on appeal, with limited exceptions. *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 671 n. 2, 230 P.3d 583 (2010); *Eyman v. McGehee*, 173 Wn. App. 684, 698, 294 P.3d 847 (2013). Long does not argue that any of his new claims or theories fall within any RAP 2.5(a) exception. We decline to consider arguments Long raises for the first time on appeal.

<u>Summary Judgment</u>

Long argues the trial court erred in granting summary judgment dismissal of his claims against Capestany. We disagree.

This court reviews summary judgment orders de novo, considering all of the evidence and reasonable inferences in the light most favorable to the non-moving

7

party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). The party moving for summary judgment has the initial burden to show there is no genuine issue of material fact. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 183, 401 P.3d 468 (2017). A defendant can meet this burden by showing that there is an absence of evidence to support the plaintiff's claim. *Id.* If the defendant makes this showing, the burden shifts to the plaintiff to present evidence that rebuts the defendant's contentions and demonstrates a genuine issue of material fact. *Id.* "The party opposing a motion for summary judgment may not rely on speculation [or] on argumentative assertions that unresolved factual issues remain." *Seiber v. Poulsbo Marine Ctr., Inc.*, 136 Wn. App. 731, 736, 150 P.3d 633 (2007).

Long argues that the statements Capestany made to the police about the parking garage incident were defamatory. "[T]o resist a defense motion for summary judgment, 'the plaintiff has the burden of establishing a prima facie case on all four elements of defamation: falsity, an unprivileged communication, fault, and damages.'" *Sisley v. Seattle Sch. Dist. No. 1*, 171 Wn. App. 227, 234, 286 P.3d 974 (2012) (quoting *LaMon v. Butler*, 112 Wn.2d 193, 197, 770 P.2d 1027 (1989)). "The prima facie case must consist of specific, material facts, rather than conclusory statements, that would allow a jury to find that each element of

8

defamation exists." *LaMon*, 112 Wn.2d at 197. "The alleged defamatory statement must be a statement of fact, not a statement of opinion." *Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App. 320, 330, 364 P.3d 129 (2015). "When a statement is provably false in part but not in whole, it satisfies the element of falsity . . . regardless of whether it is false in *material* part." *Schmalenberg v. Tacoma News, Inc.*, 87 Wn. App. 579, 593, 943 P.2d 350 (1997).

Long, who submitted no declaration testimony in response to the motion for summary judgment, relies exclusively on the security service video showing him driving out of the Best Buy parking garage to argue that the evidence before the trial court proved that Capestany's statements to the police were false.[2] He maintains that the video "proves" Long was not driving any differently than other patrons and Capestany was never in danger. But the security camera video does not depict what happened before Long went into the store or what happened during the final exchange between Long and Capestany. As the trial court aptly noted at the summary judgment hearing, the video evidence "didn't show anything" and was "useless." Nor did Long present his own testimony to recount his version of events to demonstrate falsity. While Long made allegations in his complaint, CR 56 requires the presentation of admissible evidence. CR 56(e). Referring to allegations in a complaint does not suffice to create a genuine issue of material fact. *Las v. Yellow Front Stores, Inc.*, 66 Wn. App. 196, 198, 831 P.2d 744 (1992).

---

[2] Long submitted a declaration in support of a motion to amend his complaint. He did not, however, submit this testimony in opposition to the summary judgment motion and it is not referred to in the order on summary judgment as evidence the trial court considered. We therefore will not consider evidence from that declaration in reviewing the dismissal of Long's claims. *See* RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court.").

And Long failed to present evidence to show that Capestany's statements to the police were not privileged. The 1989 anti-SLAPP statute,[3] RCW 4.24.510, provides:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.

"The legislature enacted RCW 4.24.510 to encourage the reporting of potential wrongdoing to governmental entities." *Gontmakher v. City of Bellevue*, 120 Wn. App. 365, 366, 85 P.3d 926 (2004). "[I]mmunity applies under RCW 4.24.510 when (1) a person 'communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization' and (2) the complaint is based on any matter 'reasonably of concern to that agency.'" *Bailey v. State*, 147 Wn. App. 251, 261, 191 P.3d 1285 (2008). Here, Capestany's statements to the police, reporting what he described as crimes committed against him, are privileged because the Bellevue Police Department is a branch of local government and Long's reported behavior—reckless driving and a threat to kill—is reasonably of concern to police. *See Lowe v. Rowe*, 173 Wn. App. 253, 260-61, 294 P.3d 6 (2012) (communication to a law enforcement agency asking it to bar individual from entering private property is matter within the concerns of that agency).[4]

---

[3] The acronym SLAPP stands for "Strategic Lawsuit Against Public Participation."

[4] To the extent that Long's appellate briefing may be construed to challenge statements Long believes Capestany may have made to Best Buy employees, such comments are conditionally privileged under the "common interest privilege," which applies where the declarant and recipient have a common interest in the subject matter of the communication. *See Moe v. Wise*, 97 Wn. App. 950, 958, 989 P.2d 1148 (1999).

Long, pointing to an official note regarding the legislative intent of the 2002 amendments to RCW 4.24.510, argues that Capestany must show that his statements affect "a substantive issue of some public interest or social significance." *See* LAWS OF 2002, ch. 232, § 1. The *Lowe* court, however, rejected the same argument, holding that it "ignores both the stated intent codified in RCW 4.24.500 to protect individuals" and the operative language of RCW4.24.510 which "broadly grants immunity for civil liability for communications to an agency concerning a matter 'reasonably of concern to that agency.'" 173 Wn. App. at 260-61.

Long also appears to argue that Capestany's statements cannot be privileged because they were not made in the course of judicial proceedings, citing *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 475-76, 564 P.2d 1131 (1977) (discussing absolute privilege of a witness to publish false and defamatory matter in court proceedings) and *Bender v. City of Seattle*, 99 Wn.2d 582, 600, 664 P.2d 492 (1983) (stating that "absolute privilege is usually confined to cases in which the public service and administration of justice require complete immunity"). But Long cites no authority for the proposition that the absolute privilege in RCW 4.24.510 is limited to judicial proceedings. Indeed, nothing in the plain language of RCW 4.24.510 suggests that the privilege is so qualified.

Long next contends that Capestany lost the privilege because his statements were false and malicious. But again, Long presented no admissible evidence on summary judgment to establish falsity. And he similarly presented no admissible evidence that Capestany acted with malice. "Malice" means, in the

11

defamation context, that the person publishing a statement did so with actual knowledge of the falsity of the statement or with reckless disregard for the truth or falsity of the statement. *Herron v. KING Broad. Co.*, 112 Wn.2d 762, 775, 776 P.2d 98 (1989). Long presented no evidence that Capestany had such actual knowledge or acted with reckless disregard for the truth. And the malice standard applies only where the allegedly defamed person is a public figure or public official. *Duc Tan v. Le*, 177 Wn.2d 649, 662, 300 P.3d 356 (2013). Long is a private individual.

Long also argues that Capestany's comments are not privileged because he engaged in criminal conduct by making a false or misleading material statement to a public servant. But the 2002 amendments to RCW 4.24.510 removed language requiring the party asserting the privilege to show they made the report in "good faith." *See Lowe*, 173 Wn. App. at 261-62. There is no case law suggesting that the privilege under RCW 4.24.510 depends on the party asserting it proving that statements made to police about a possible crime were true or made in good faith. Moreover, Long's reliance on *Dillon v. Seattle Deposition Reporters, LLC*, 179 Wn. App. 41, 69, 316 P.3d 1119 (2014) and *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 491-92, 69 S. Ct. 684 (1949) for this argument is misplaced as neither case supports the argument that RCW 4.24.510 imposes an obligation on a defendant to prove that the statements at issue were true, not misleading, and made in good faith.

Long next contends that he established Capestany's statements constitute defamation per se, entitling him to an award of actual damages despite the lack of

12

proof of any actual injury. "A publication is defamatory per se (actionable without proof of special damages) if it '(1) exposes a living person to hatred, contempt, ridicule or obloquy, to deprive him of the benefit of public confidence or social intercourse, or (2) injures him in his business, trade, or profession.'" *Life Designs Ranch* , 191 Wn. App. at 328 (quoting *Caruso v. Local Union No. 690*, 100 Wn.2d 343, 353, 670 P.2d 240 (1983)). Long did not make this showing in the trial court. He presented no declaration or deposition testimony on summary judgment in which he testified under oath about the effect, if any, that Capestany's statements had on his standing in the community or his business, trade or profession. And the order granting summary judgment lists no declaration executed by him.

Lastly, although Long also assigned error to the summary judgment dismissal of his property damage claim, he did not argue this issue as a separate claim in his appellate briefing. Instead, he appears to refer to his alleged vehicle damage as a component of his defamation damages. In any case, Long had no evidence that the dent in his truck occurred when Capestany hit his door. In his deposition, Long admitted that he did not actually see Capestany hit his truck. Long also admitted that the photographs of the dent were taken months after the parking garage incident. Long's unsubstantiated theory of causation is insufficient to overcome summary judgment dismissal of his property damage claim. *See Little v. Countrywood Homes, Inc.*, 132 Wn. App. 777, 780, 133 P.3d 944 (2006) (nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain). The trial court did not err in granting summary judgment dismissal of Long's complaint against Capestany.

13

Attorney Fees and Costs

Long argues that the trial court erred in awarding attorney fees, costs, and statutory damages to Capestany under RCW 4.24.510. We review attorney fee awards made pursuant to a statute for abuse of discretion. *Humphrey Indus., Ltd. v. Clay Street Assocs., LLC*, 170 Wn.2d 495, 506, 242 P.3d 846 (2010). A court abuses its discretion when its exercise is manifestly unreasonable or based on untenable grounds or reasons. *Ermine v. City of Spokane*, 143 Wn.2d 636, 641, 23 P.3d 492 (2001). We review an award of statutory damages pursuant to RCW 4.24.510 de novo. *Skimming v. Boxer*, 119 Wn. App. 748, 757, 82 P.3d 707 (2004).

RCW 4.24.510 provides that "[a] person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars." Although RCW 4.24.510 disallows statutory damages where an immunized person acts in bad faith, the statute does not contain a bad faith exception for attorney fees and costs. Long's briefing does not identify any basis for his claim of bad faith. Capestany prevailed on the defense of immunity, so he is entitled to fees and statutory damages.

Capestany and Best Buy request an award of attorney fees on appeal under RAP 18.1(a), which allows us to award a party reasonable attorney fees and expenses if applicable law grants the right to such recovery. RCW 4.24.510 provides recovery of attorney fees and costs to a "person prevailing upon the defense" of claims that violate the statute. As the prevailing party, Capestany is

14

entitled to reasonable attorney fees under RCW 4.24.510 for successfully defending his immunity on Long's defamation claim, subject to compliance with RAP 18.1(d). Because Long did not timely appeal any order relating to Best Buy, however, we will award it only those attorney fees incurred in opposing Long's motion to amend his notice of appeal.

Capestany and Best Buy also request an award of costs under RAP 14.2. As the prevailing parties, they are entitled to an award of costs under RAP 14.2. *See Hurley v. Port Blakely Tree Farms L.P.*, 182 Wn. App. 753, 774, 332 P.3d 469 (2014) (RAP 14.2 provides for award of costs to party that substantially prevails on appeal).

Long seeks an award of attorney fees on appeal but does not specify a basis for the fee request, as RAP 18.1 requires. And self-represented litigants are generally not entitled to attorney fees for work representing themselves. *In re Marriage of Brown*, 159 Wn. App. 931, 939, 247 P.3d 466 (2011). We deny Long's request for an award of fees on appeal.

Affirmed.

Andrus, C.J.

WE CONCUR:

Birk, J.

Mann, J.